January 23, 1911.

————o————

5191.

(Court of Apeal, Parish of Orleans).

## IBERVILLE PLANTING COMPANY vs. TEXAS & PACIFIC RAILWAY COMPANY.

In a case involving liability for the communication of fire from a passing locomotive, where the absence of direct evidence is sufficiently accounted for, and where no fact elicited would justify the conclusion or even the suggestion that the fire might be attributed to another cause, the circumstantial evidence which shows that the fire started on a shingle roof covering an open platform immediately after a locomotive had passed only 17 1-2 feet distant therefrom; that no one was near the structure and no fire existed in any other part thereof at the time of or prior to the locomotive's passage; that, recently, fires to this and other structures in that location had started, under similar circumstances, immediately after trains had passed; and, finally, that the risk from fire, already hazardous by reason of dry conditions, was increased by the "firing" of the locomotive as it reached the structure.—held, sufficient not only to support a finding that the fire was communicated from the passing locomotive, but also to establish a *prima facie,* case of negligence in the handling, maintenance or equipment of the locomotive.

Appeal from the Civil District Court, Division "D."

Lazarus, Michel & Lazarus, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke and B. J. Mayer, for defendant and appellant.

GODCHAUX, J.—Plaintiff's freight shed, located less, than eighteen feet from the main track of defendant's railroad, having been destroyed by fire, plaintiff sues to recover its value, claiming that through defendant's negligence the fire was communicated and caused by sparks from a passing locomotive which it charges was either negligently handled or was not supplied with safety appliances, such as spark arrester, or, if so equipped, that both engine and equipment were improperly maintained or out of repair.

The correctness of the amount of the judgment recovered below is not disputed, but defendant maintains that the evidence in the record is insufficient to justify any judgment whatever.

At the outset it should be stated that the lower court declined to attach any credibility to the testimony of defendant's witnesses as to the origin of the fire, on the ground that these witnesses were neither telling nor attempting to tell the truth. Its action on this score is fully justified by the record.

It must first be determined whether or not there is sufficient evidence in the record upon which to base a conclusion that the fire was communicated and caused by defendant's locomotive. In determining the degree of proof that would support an affirmative conclusion, all the facts and circumstances surrounding the transaction must be taken into consideration, for in cases of this character the direct proof is usually meagre and consequently recourse must necessarily be had to evidence of an indirect or circumstantial character. This is well illustrated in the present case; and it is not remarkable that plaintiff was unable to produce a witness who could testify that he actually saw sparks being emitted from

the engine and alighting upon the building, when the circumstance is noted that the train passed and the fire started about one o'clock on a clear, bright and sunny afternoon in the early summer, on a Sunday, when no work was in progress, and when field, factory and other places near the freight shed were deserted.

The absence of direct proof as to actual contact of a spark from the passing locomotive with the shed being thus satisfactorily accounted for, plaintiff relies for indirect proof of the fact upon a record which discloses that the fire occurred under the following circumstances:

That the unenclosed shed, 17½ feet distance from defendant's track, erected and used for the common convenience of both parties, consisted of an open platform covered by a shingle roof 175 feet in length; that the fire, first discernable as a mere curl of smoke, or a small flame emanating from the center of the roof, started within five minutes after defendant's train had passed the building; that the witnesses who testify to these facts state that though they had a clear and unobstructed view of the whole shed and its surroundings, they saw no one near it at this time and affirm that the fire was then confined to the roof alone, and that no evidence of fire was perceptible anywhere at the time of or prior to the passing of the train; that shortly before the present incident, the same shed, on two prior occasions, and the cane field nereby, on two other occasions, were known to have caught fire soon after a train had passed; and finally that on the occasion of this fire, while the train was traversing the last mile in its approach to the shed, the fireman had thrice "fired" the engine, thus increasing a hazard from fire which already existed owing to the dry season.

Considered in the light of adjudicated cases, these circumstances, in the absence of proof of any fact that

would tend to show or to justify even a suggestion that the fire might be attributed to another cause, must be held sufficient to establish that the fire was communicated from the passing locomotive.

"According to the various impressions of witnesses on the day and at the time when the train passed, which, it is alleged set fire to the cotton, the wind was from the north or the south, the day was cool, clear and dry, or it was damp, murky and misty. But the cotton was piled and stored on the south of the railroad track, and it took fire and burned, notwithstanding the wind blew towards the north, and it was rapidly consumed, although it was a damp day. It took fire almost immediately after the train passed, and upon no hypothesis can the fire be explained from facts in the record except that it took fire from sparks emitted from the passing locomotive drawing the passenger train."

**V. & A. Meyer vs. Railroad, 41 An. 640.**

"If there is testimony in the record which, if believed would justify the conclusion of the trial judge touching a certain fact, conclusions with respect to that fact will be adopted unless clearly erroneous."

**Thomasson vs. K. C. S. Ry. Co., 122 La. 1011.**

"Where a building near a railroad track is destroyed by a fire occurring a few minutes after a locomotive has passed opposite to it, and sufficiently near for the sparks to have communicated the fire, these two facts furnish a legitimate basis for the presumption that the fire was occasioned by the sparks, in the absence of any other assignable cause."

**Id.**

"The third assignment of error is, that the plaintiffs were allowed to prove, notwithstanding objec-

tion by the defendant, that, at various times during the same summer, before the fire occurred, some of the defendant's locomotives scattered fire when going past the mill and bridge, without showing that either of those which the plaintiffs claimed communicated the fire was among the number, and without showing that the locomotives were similar in their make, their state of repair, or management, to those claimed to have caused the fire complained of. The evidence was admitted after the defendant's case had closed. But, whether it was strictly rebutting or not, if it tended to prove the plaintiff's case, its admission as rebutting was within the discretion of the court below, and not reviewable here. The question, therefore, is, whether it tended in any degree to show that the burning of the bridge, and the consequent destruction of the plaintiffs' property, were caused by any of the defendant's locomotives. The question has often been considered by the courts in this country and in England; and such evidence has, we think, been generally held admissible, as tending to prove the possibility, and a consequent probability, that some locomotive caused the fire, and as tending to show a negligent habit of the officers and agents of the railroad company. **Piggot vs. R. R. Co., 3 N. G. &. S. 229; Sheldon vs. R. R. Co., 14 N. Y. 218; Field vs. R. R. Co., 32 Id. 339; Webb vs. R. R. Co., 49 Id. 420; Cleveland vs. R. R Co., 42 Vt. 449; R. R. Co. vs. Williams, 42 Ill. 358; Smith vs. R. R. Co., 10 R. G. 22; Longabaugh vs. R. R. Co., 4 Nev. 811.** These are, it is true, some cases that seem to assert the opposite rule. It is, of course, indirect evidence, if it be evidence at all. In this case it was proved that engines run by the defendant had crossed the bridge not long before it took fire. The particular engines were not identified; but their crossing raised, at least,

some probability, in the absence of proof of any other known cause, that they caused the fire; and it seems to us, that, under the circumstances, this probability was strengthened by the fact that some engines of, the same defendant, at other times during the same season, had scattered fire during their passage. We cannot, therefore, sustain this assignment."

Grand Trunk R. R. vs. Richardson, 91 U. S. 454.

There is nothing in the case of **Edrington vs. Louisville, New Orleans & Texas Ry. Co., 41 An. 96,** that is opposed to these conclusions.

But, defendant contends that, though it may have been shown that the fire was communicated from the passing locomotive, still no recovery can be had because there is an utter lack of evidence of any negligence on defendant's part insofar as the character, condition, equipment or handling of its locomotive on this occasion is concerned.

To meet this contention plaintiff urges that, having proved that the fire occurred through defendant's agency, a presumption of the latter's negligence arises; that is, that the doctrine of **res ipsa loquitur** applies—a doctrine which plaintiff claims was indirectly recognized or inferentially adopted in the case of **V. and A. Meyer vs. Railroad, supra,** as evidenced by the following language employed therein.

"With an engine so equipped with effective appliances to prevent the escape of fire, although the authorities are conflicting in the jurisprudence of this country as to the company's liability, we think the weight of authority is that where such equipments are applied to engines, the burden of proof is shifted upon the plaintiff, and the testimony must be very positive, strong and convincing to establish the fact of negligence on the part of the company."

It is unnecessary to consider whether this language justifies the conclusion that the doctrine stated has been adopted in this jurisdiction, as it has in a large majority of others in this class of cases; for the court, in the light of all the circumstances, is satisfied that proof of ignition through defendant's agency, coupled with the fact that the fire risk, already hazardous by reason of dry conditions, was enhanced by the fireman increasing the fire in the locomotive just before reaching the shed, and with the further fact that the negligent handling, maintenance or equipment of the locomotives is shown by proof of frequent and recent fires from such cause in that vicinity, disclose such a **prima facie** showing of negligence as to dispense with the necessity of resorting to any presumption with reference thereto.

The increasing of the fire in a locomotive, under certain circumstances, when approaching a building, was held to be negligence in **Thomasson vs. K. C. Ry. Co.,** **supra,** and in **Texas and Pacific Railroad Company vs. Watson, 190 U. S. 287,** the United States Supreme Court, Justice White being the organ of the court, the doctrine announced in **Grand Trunk Railroad vs. Richardson,** **supra,** to the effect that evidence of other fires having been recently communicated in the same vicinity from passing locomotives tended to establish negligence on the railroad's part, was approved and adopted.

The evidence supports plaintiffs' recovery and the judgment appealed from is accordingly affirmed.

St. Paul, J., takes no part.