Falconbury v. Kendall.

No. 7744.

FALCONBURY v. KENDALL.

CONTRACT.—*Composition with Creditors.*—*Parol Agreement.*—*Pleading.*— *Complaint.*—*Condition Precedent.*—A. entered into a written contract to execute his notes to the creditors of B. to a certain amount of their claims, on the consideration, among others, that all the creditors should sign such contract, agreeing to release B. from liability on said indebtedness. A. executed notes to all the creditors of B. except one who had signed the agreement, who instituted suit thereon to compel payment by A. of the amount of his claim thereunder.

*Held*, that until all the creditors had signed the agreement no right of action accrued against A.

*Held*, also, that an allegation, in a complaint on such a composition agreement, that the creditors had performed all the conditions of the contract on their part, is not equivalent to an allegation that all the creditors had signed the agreement.

*Held*, also, that the signing of the agreement was not simply a condition precedent to a right of recovery thereon, but it was essential to the existence of the contract.

*Held*, also, that, where the complaint in such action affirmatively shows that the undertaking of A. was a written one, it was properly filed as an exhibit therewith, and precludes a recovery by the creditor upon a verbal contract.

From the Decatur Circuit Court.

*J. D. Miller, F. E. Gavin, J. L. Bracken* and *J. S. Scobey*, for appellant.

*C. Ewing* and *J. K. Ewing*, for appellee.

ELLIOTT, J.—The complaint of the appellee, who was the plaintiff below, alleges that in March, 1876, one Sylvester Kendall was a debtor in failing circumstances and was indebted to the appellee in the sum of $500; that, on the 2d day of the month aforesaid, the creditors of said Sylvester Kendall entered into a written agreement with the appellant, wherein they agreed to accept fifty per cent. of their claims against said Kendall in full discharge thereof, to be paid by the appellant on the terms expressed in said written agreement and for the consideration therein expressed; that, among other good and valuable considerations, the appellant agreed, in consideration of said Sylvester Kendall's conveying to him, appellant, certain real estate, that he would pay the creditors of said Sylvester the amounts agreed upon in said contract; that the said Sylvester did convey said real estate to appellant; that it was of the value of one thousand dollars; that the conveyance was accepted by appellant, and that he still holds said property. It is further alleged that the said contract was fully performed on the part of said creditors; that appellant executed his promissory notes to all of the creditors of the said Sylvester, except the appellant. Copies of the note evidencing the indebtedness of the said Sylvester Kendall to appellee and of the written agreement referred to are filed with appellee's complaint. The agreement, omitting signatures, is as follows: "In consideration that Milford G. Falconbury will agree to pay us, the creditors of Sylvester Kendall, fifty cents on the dollar of our claims against said Kendall, within twelve months from this date, with ten per cent. from date, and secure the same by a mortgage on the house and lot of said

Kendall, in Greensburg, made by said Kendall and wife, the notes to be signed by said Falconbury, we agree to release said Kendall from all further liability on said indebtedness. Upon all the creditors of said Kendall signing this paper, said Falconbury is to execute his notes to said creditors as above specified, and said mortgage is to be executed March 2d, 1876." Among the names signed to this agreement is that of the appellee.

The appellant demurred to the complaint. His demurrer was overruled, and upon that ruling he alleges error.

Counsel insist that the complaint is defective because it does not aver that the agreement was signed by all of the creditors of Sylvester Kendall. In order to show a right of action upon this agreement, it is necessary to allege that all of Kendall's creditors signed the agreement, for the liability of Falconbury depended upon the performance of this condition. Until all of the creditors had signed, no right of action could have accrued against him upon the agreement. The condition was essential to the validity of the contract. There could be no contract obligatory upon Falconbury until the signatures of all the creditors had been affixed.

The allegation that the creditors had performed all of the conditions of the contract on their part is not equivalent to an allegation that all creditors had signed the instrument. The instrument was without force until signed, and the allegation that all creditors had signed was necessary to show that it ever had any force at all. The signing of the agreement was not simply a condition precedent to the right of recovery thereon, but it was essential to the existence of the contract itself. Without the signatures of the creditors there was no contract to perform.

Appellee argues that the action is not founded upon the written contract, and that we can not consider it, although filed as an exhibit to the complaint. It is true that a writ-

ten instrument, which is not the foundation of the action, is not to be regarded as part of the complaint, although filed as an exhibit. If the assumption of appellee is correct, then the complaint is neither strengthened nor weakened by the exhibit annexed to it. We think, however, that appellee has founded his cause of action upon it, and that it is properly a part of his complaint. The only right of action which the appellee can possibly have against appellant is as a creditor of Sylvester Kendall, and the only rights which creditors have against the former are such as the written agreement creates. The contract obligates appellant to execute his promissory notes to Kendall's creditors, and it is for a failure to execute a note to appellee that he prosecutes this action. The only agreement made by Falconbury to pay the indebtedness of Sylvester Kendall is that contained in the written instrument filed with the complaint. There is no verbal agreement to that effect. Where parties commit their contract to writing, the written instrument is to be taken as expressing the entire agreement and to exclude parol stipulations and conditions.

The argument of appellee, that the contract upon which the complaint is based is a verbal one between Falconbury and Sylvester Kendall, is destitute of force. It is without force because the complaint expressly rests the right of action upon the written instrument, and a party can not declare on one contract and recover upon another. The argument is fallacious for the further reason that the complaint affirmatively shows that the undertaking of Falconbury was a written one, and this precludes appellee from recovering upon a verbal contract, for the written instrument is deemed to embody the whole agreement of the contracting parties. If we were to accept appellee's theory, that his complaint is founded upon a verbal contract, then his complaint is bad because it does not set forth a valid contract. Without aid from the exhibit, no contract at all is shown, either verbal

or written.   Considered apart from the written instrument filed as an exhibit, the complaint shows no promise for the benefit of appellee.   If, however, it were granted that a verbal contract is shown, no breach is alleged of any such contract, nor is there shown any right in the appellee to recover.   Without the written contract, it does not appear that appellant ever agreed to execute promissory notes for the benefit of Sylvester Kendall's creditors, and without such an agreement this action is utterly foundationless.   The demurrer to the complaint should have been sustained.

Counsel for appellee ask us to review a ruling made by the trial court, refusing to tax costs accrued upon a former trial against the appellant.   There is no assignment of cross errors, and the question is not presented.   If appellee desired a review of this ruling, he should have assigned cross errors.

Judgment reversed, at costs of the appellee.