SOUTHERN RY. CO. *v.* VANDERGRIFF.

(*Knoxville.* September 21, 1901.)

VERDICT. *Sustained by the evidence.*

A verdict for $750 against a railroad company for injury to a passenger riding in the caboose of a freight train, resulting in his rupture and permanent injury, and caused by an unusually violent and unnecessary jerk of the train, is sufficiently supported by the evidence.

FROM    UNION.

Appeal in error from the Circuit Court of Union County. W. R. HICKS, J.

JOUROLMON, WELCKER & HUDSON and D. D. ANDERSON for Southern Ry. Co.

TEMPLETON & CARLOCK and J. A. SHARP for Vandergriff.

WILKES, J. This is an action for damages for personal injuries. The plaintiff was a passenger, and was thrown from his seat to the floor of

the car, as the result of a violent jerk of the train, and was injured. The train upon which he was riding was a freight, with caboose attached, and he was in the caboose with other passengers, by consent of the company.

The evidence is that freight cars are jerked in moving and stopping with much more violence than passenger coaches. It is also very plain from the record that the jerk which caused the fall and injury in this case was much more violent than usual, even in a freight train, and was noticed by all the passengers and conductor. The conductor remarked, with an oath, that he didn't see what . . . the brakeman meant by putting on the brakes so hard. Hon. John P. Rogers, who was a passenger, states that he was standing up, holding to the door with a tight grip, and all at once the train gave a violent and sudden jerk, and he fell also. He says: "It was an unusually hard jerk. . . . The train came to a sudden stop. It was not an ordinary jerk or lurch. I thought there was a collision. I was thrown on my back. I have never experienced such a jerk before or since." The evidence tends to show that plaintiff was ruptured by the shock or fall, or both. He became very sick and went to bed, has not been able to work since, and is permanently injured. The tendency of his injury, as stated by the physician, is to grow worse with time.

There was a verdict for plaintiff for $1,000. There was a remittitur of $250, and judgment for $750, and costs. The railroad company has appealed, and assigned as error that there is no evidence to support the verdict. We think the assignment not well made. The plaintiff was on the caboose at the invitation and by the consent of the railroad company, and had paid his fare. It was to be expected that the jerks and lurches of the freight train would be more severe than that of a passenger train, but, having accepted passengers upon such a train, the company was obliged to so operate it as to insure them from any unusual or unnecessary jerks or lurches. The facts in this case show a want of caution in operating the train such as surprised the conductor and called forth his emphatic condemnation and protest. The evidence of other passengers fully corroborates the plaintiff's version of the violence of the jerk, and we think there is ample proof of actionable negligence.

The judgment is affirmed with costs.