# TEXAS AND PACIFIC RAILWAY COMPANY *v.* WATSON.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 223.   Argued and submitted March 20, 1903.—Decided May 4, 1903.

In an action to recover value of cotton burned while stored on a platform near a railroad track *held,* there was no error in admitting evidence:

1. That about the time of the fire and the passing of the locomotive which it was charged occasioned the fire, other fires were observed near the track and the cotton.   *Grand Trunk R. Co.* v. *Richardson,* 91 U. S. 454.

2. In view of the condition of the record, that certain witnesses did not know of, and saw, no opportunity for the cotton to have caught fire except from the locomotive in question.

3. In answer to a hypothetical question to a witness duly qualified as an expert, as to whether the number of fires indicated the condition of the locomotive and the spark arresters.

4. By reading the deposition of a witness who was in court, but who it appeared was afterwards called by the defendant and testified as to the evidence in the deposition, the error if any not being sufficiently grave to require a reversal of the case.   Also *held:*

5. That on the evidence as it appeared on the record, it was properly left to the jury to determine if the company used the best spark arrester and the plaintiff was free from contributory negligence, the jury being also instructed that the verdict must be for the company if it did use the best spark arrester, at the time in good condition, and operated the locomotive with ordinary prudence.

6. That it was not necessary to charge the jury that in placing the cotton on the platform the plaintiff assumed risks which were to be anticipated from engines properly equipped and operated, as that was to be deduced from the charge as made.

7. That the plaintiff was not bound by stipulations in the lease of the platform from the railroad company to the lessee, it appearing that the plaintiff was not in privity with the lessee and had no knowledge of such stipulations.

THIS action was originally commenced in a Texas state court by the appellee Watson, to recover the value of sixty-four bales of cotton, less insurance thereon. The cotton was alleged to have been destroyed by fire on January 3, 1896, while stored upon what was known as the O'Neil cotton platform near the depot of the railway company at Clarksville, Red River County, Texas. The fire was averred to have been occasioned by the negligence of the railway company in the use of a defectively constructed locomotive and in the careless operation thereof while passing said platform. Subsequently the insurance company was joined as plaintiff and recovery was asked of the full value of the cotton. Upon application of the defendant, based upon the fact that it was incorporated under the laws of the United States, the cause was removed to the United States Circuit Court for the Eastern District of Texas. In the latter court an amended answer was filed. This pleading contained general and special demurrers, a general denial and a special answer setting up various defences. The general and special demurrers were subsequently overruled, and defendant excepted. A trial was had, and it was shown by the evidence that at the point where the fire in question occurred the track of the railway company ran east and west, and the train which it was asserted caused the fire in question was moving eastward, and a strong wind was blowing from the north. A verdict was rendered in favor of the plaintiff Watson and against the railroad and against the plaintiff insurance company in favor of the railroad. Judgment was entered on the verdict; the judgment was affirmed by the Circuit Court of Appeals for the Fifth Circuit, 112 Fed. Rep. 402, and the cause was then brought to this court by writ of error.

Argued by *Mr. David D. Duncan* for plaintiff in error. *Mr. John F. Dillon* and *Mr. Winslow S. Pierce* were on the brief.

Submitted by *Mr. J. W. Bailey, Mr. E. S. Chambers* and *Mr. Amos L. Beaty.*

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The various assignments of error relied upon in the brief of counsel for plaintiff in error will be disposed of in the order therein discussed.

First. In several assignments it is claimed that the Circuit Court of Appeals erred in holding that the trial court properly admitted the evidence of witnesses to the effect that at or about the time of the fire complained of, and about the time of the passing of the locomotive which it was charged occasioned the fire, the witnesses observed other fires at various points not far removed from the place where the cotton was burned and south of and near to the railway track. In the light of the decision of this court in *Grand Trunk Railroad Co.* v. *Richardson*, 91 U. S. 454, 470, we think this evidence was competent as having a tendency to establish that the destruction of the property of the plaintiff was caused by the locomotive in question, and as tending to show negligence in its construction or operation.

Second. In an assignment of error it was contended that the appellate court erred in holding that the trial court properly admitted testimony to the effect that certain witnesses did not know of and saw no opportunity for the cotton to have caught fire except from the locomotive in question. The evidence in the record is in narrative form, and that portion relating to the criticized testimony merely recites that at the time said evidence was offered from each witness "defendant then and there objected, because the evidence was of a negative character and would not be relevant, and further because it was in the nature of a conclusion of the witness to the effect that the fire had originated from the engine." Whether the question which elicited the testimony complained of was objectionable cannot be determined from the record, nor does the objection seem to have been addressed to an omission to state the facts which induced the belief that no other opportunity existed for the cotton to have caught fire than was afforded by the operation of the locomotive. Evidence of the surrounding circumstances

and conditions which by a process of exclusion would have tended to establish that the burning of the cotton could not have been caused other than by the locomotive in question would, we think, have been clearly relevant. As the record stands we think the assignment in question was without merit.

Third. A further contention is that the appellate court erred in permitting a question to be answered despite the objection that "the evidence sought to be elicted was not such as was the subject of expert testimony, but the endeavor was to substitute a conclusion of the witness for that of the jury, and it was not allowable by a hypothetical question, such as this and the answer thereto, to prove the bad equipment of the engine in the face of the actual testimony that the equipment was all in good order." The following is the question referred to:

"Suppose an engine should come along, and in the course of four miles and a quarter should set out say, eight fires, should set fire to the grass in some of these places, set fire to shavings sixty feet from the right of way, set cotton on fire, and that live cinders could be seen falling and did fall and smoked after falling on the ground over the work benches and things and over platforms, would you say there was anything wrong about the operation or construction of that engine, or would you say it was all right; and suppose, instead of being eight fires, there were five under the conditions named to you, what would you say?"

The question was proper. The witness was foreman of the boiler department at the main shops of the defendant, having to do with the building of boilers, and was in special control of the part of the shops which had to do with spark arresters. The hypothetical question was based upon evidence, and if the witness was competent—as the evidence showed he was—to testify whether or not an engine so conducting itself was or was not in good working order or properly operated, we think the jury should have had the benefit of his opinion. Inasmuch as there was evidence to the effect that it is impossible, even with the use of the most effective spark arresters, to prevent the escape of sparks, a case was presented justifying the introduction of expert testimony to aid the jury in determining the ultimate

fact whether an engine was in good repair and properly operated which conducted itself as the evidence tended to show this locomotive did. *Transportation Line* v. *Hope*, 95 U. S. 297, 298.

Fourth. It is asserted that the appellate court erred in holding that prejudicial error was not committed in permitting the deposition of a witness to be read when the witness was actually in court and his presence was known to the plaintiff. We adopt as our own the language of the Circuit Court of Appeals on this point:

"In view of the fact that the witness was called by the defendant after the deposition had been admitted over the defendant's objection, and gave fully his explanation of the deposition and his testimony as to the subject to which it related, we conclude that the error committed is not sufficiently grave in its results to require us to reverse the case."

Fifth. It is claimed that the appellate court erred in holding that the trial court rightly left it to the jury to determine that if the railway company failed to use the most approved spark arrester, and plaintiff was free from contributory negligence, he could recover. This contention is based upon the assumption that there was no evidence tending to show that the most approved spark arrester was not used. We do not pause to analyze the evidence on the subject, because we think it not necessary to do so. The proposition, considering it in the light most favorable for the plaintiff in error, is but an abstraction, and assumes that because it may be that at one time the spark arrester was of the most approved pattern it continued to be such, even although it was not in good repair at the time of the fire and such defective condition occasioned the loss complained of. The court instructed that the jury must give a verdict for the railroad if it was found that it "did use the most approved spark arrester, at the time in good condition, and that the engine was then and there operated with ordinary care and prudence;" and, in stating the converse of the proposition, said: "But if the railroad failed to use the most approved spark arrester and apparatus connected with the engine as in ordinary use by properly conducted railways to prevent the escape of

fire, in so far as it could consistently be done with the business"
which the railroad was carrying on, a verdict should be returned
against the railroad, provided it was found that the plaintiff
Watson had not contributed to the injury.    This charge as a
whole we think is not amenable to the objection that it left to
the jury to consider the original construction of the spark ar-
rester, irrespective of its condition at the time of the fire.    The
expression, "as ordinarily used by properly conducted rail-
ways," of necessity implied that the apparatus must have been
kept in proper condition for use.    To construe to the contrary
would presuppose that conflicting measures of liability were
given to the jury by the court when it pointed out the opposing
views which the jury were authorized to deduce from the proof.
Thus rightly construing the charge, there was beyond perad-
venture evidence to be weighed by the jury in determining
whether the spark arrester was or was not in satisfactory work-
ing order at the time the cotton was set on fire.    Several wit-
nesses testified that the engine emitted considerable fire and
cinders, and the evidence upon which the hypothetical question
quoted in subdivision third of this opinion was based clearly
rebuts the assumption that there was not evidence of circum-
stances to be considered by the jury in connection with the
evidence introduced by the defendant of the condition of the
engine, spark arrester, etc., as disclosed by an inspection thereof.
So, also, the answer to the hypothetical question clearly con-
tained matter pertinent for the consideration of the jury in de-
termining whether the engine was properly equipped and oper-
ated.    The witness said:

"An engine that will do as you have stated is doing some-
thing unusual, very unusual.    If there was dry and combustible
material close to the track a spark from the ash pan might drop
among it and set fire.    What you said might have occurred, but
it would be very unusual.    I could not say that there would be
anything wrong in the operation of the engine, but there might
have been something deranged about the ash pan, is the only
way I could account for it.    If the engine did set out sparks in
the manner stated by you, I cannot believe that the engine was
in quite perfect condition."

Sixth. A further assignment of error is to the effect that the appellate court erred in holding that error was not committed in refusing to charge the jury that plaintiff in placing his cotton upon the platform assumed the risks which were to be anticipated from engines properly equipped with appliances for preventing the escape of sparks and properly operated, and in saying to them that contributory negligence and assumed risk amount to the same thing. But the court charged the jury that even though the cotton was set on fire by sparks communicated from the engine, yet if the defendant used the most approved spark arrester and the engine was operated with ordinary care and prudence, the plaintiff could not recover. As the court also fully instructed the jury as to what would have constituted contributory negligence on the part of Watson as respected the storing of his cotton on the platform, and informed the jury that recovery could not be had if there was such contributory negligence, it is quite clear that the jury could not have been misled by the failure of the trial court to point out the distinction between assumed risk and contributory negligence. It is not perceived, for instance, how the jury could have been aided in reaching a conclusion if, in addition to being informed that the plaintiff could not recover if the railway company was not negligent in respect to the equipment and operation of the engine, they were told that the plaintiff "assumed the risks which were to be anticipated from engines properly equipped with appliances for preventing the escape of sparks, and properly operated."

Seventh. The remaining assignment of error is to the effect that error was committed by the appellate court in affirming the judgment despite the fact that the trial court refused to admit in evidence the stipulations and exemptions from liability for loss caused by fire contained in the lease under which the lessee held possession and occupancy of the storage platform on which the cotton in question was when destroyed by fire. As Watson was not in privity with the lessee—and it is conceded he had no knowledge of such stipulations when he stored his property on the platform—there was no tenable ground on which to contend that he was in anywise bound by the stipulations in question.

*Judgment affirmed.*