## Ignatz Kozlowski v. City of Chicago.

### Gen. No. 11,076.

1. VERDICT—*when, not set aside for inadequacy of amount.* The assessment of damages is peculiarly a matter for the jury and will not be interfered with unless it is entirely clear that they have erred.

2. INTERPRETER—*when not error to refuse.* Whether an interpreter shall be called is within the discretion of the court and the refusal of an interpreter is not error unless there has been an abuse of such discretion.

3. DECLARATIONS OF THIRD PARTY—*when, competent.* The declarations of a physician made after an examination of the plaintiff, and in his presence, with respect to the result of such examination, are competent against the plaintiff in an action of personal injuries.

4. INTOXICATION—*what not competent to rebut direct evidence of.* It is not competent to rebut direct evidence of intoxication to show a reputation for sobriety.

5. INJURY—*what not competent to prove extent of.* It is not competent to ask the plaintiff, who is not an expert, "What has been the effect of the injury on your health," as such question calls for a mere conclusion and opinion.

6. PREPONDERANCE OF EVIDENCE—*when instruction upon, is not im-*

*proper.* It is not improper for the court to instruct the jury that "this preponderance is not necessarily determined by the number of witnesses testifying on either side," without telling them wherein the preponderance consists.

7. WITNESS—*when court cannot be required to wait for.* The trial court is not obliged to stop the trial of a cause to wait for a witness who has not been subpœnaed, but who has merely promised to attend the trial.

8. REMARKS OF TRIAL COURT—*when, improper.* A remark of the trial court, as follows : "This officer says he has been on the force thirteen years, and he ought to know whether a man is drunk or not," is improper where the question at issue is one as to whether the plaintiff was intoxicated, but is harmless where the plaintiff recovered and his sole complaint upon appeal is as to the size of the verdict.

9. AFFIDAVITS—*when, competent to show conduct of juror.* It is competent to show by affidavits that a juror slept during a portion of the trial·of a cause.

10. CONDUCT OF JUROR—*when sleeping during a trial is not ground for reversal.* Affidavits which show that a juror was asleep during a portion of the trial of a cause, do not call for a reversal where such affidavits do not show how long such juror slept, and what testimony was taken during the period of· his nap; in other words, such affidavits to be material must show that the conduct of the juror in question was prejudicial.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Affirmed. Opinion filed April 12, 1904.

J. W. SUTTON, for appellant.

JOHN F. SMULSKI, City Attorney, and WILLIAM ROTHMANN, for appellee; WILLIAM J. STAPLETON and D. H. WAMSLEY, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

Not satisfied with the amount recovered, appellant appeals from a judgment of $350 rendered in his favor against appellee for damages to his person from a fall upon a sidewalk. He fell into a hole with his leg up to the thigh.

Appellant is the only witness on the subject of his injuries and their effect. On the direct he testified : "I cannot walk very well; my left side pains me; it hurts me there; I was hurt there that night; I cannot make a good

Kozlowski v. City of Chicago.

step; the testicles were all injured; I was laid up seven months as a result of the injury. * * * Dr. Petrovitz attended me about six times during a period of five weeks. * * * I cannot cohabit with my wife since the accident, and I cannot work too hard." Upon re-direct in answer to the question, " How much wages do you earn now," he said, " I get 17½ cents an hour and in 1901 I got 20 cents an hour." He admitted that he "drank one whisky" the evening of the accident before it happened. Two policemen, one of whom picked him up from the sidewalk, testified to his being under the influence of liquor. They and another officer took him to a hospital where he was stripped and no bruises or discolorations found on his leg or other part of his body. The attending physician made a thorough examination and said " he was not a fit subject for a hospital; he couldn't find anything the matter with him."

Under these circumstances we cannot say that the damages found by the jury are too small. No one testifies that the changed condition of appellant was due to the accident, and the jury, even if they believed everything he claimed in that regard, may well have doubted the existence of any causal connection between the accident and his subsequent disabilities. That he earned two and one half cents an hour less after the accident than before may, under the evidence, have been due to a fall in wages as well as to any other cause. The assessment of damages is peculiarly a matter for the jury and will not be interfered with unless it is entirely clear that they have erred.

The action of the court in refusing an interpreter to the witness Gubella is complained of. Whether an interpreter shall be called is within the discretion of the court, and its refusal is not error unless there has been an abuse of that discretion. From an examination of the record we are entirely satisfied that no interpreter was needed. When the questions were put in plain, simple, every-day language, the witness had no difficulty either in understanding or in answering them.

One of the policemen testified to the declarations of the

physician concerning the condition of appellant after he had examined him at the hospital. These declarations were made in the presence of appellant and were therefore properly received.

After proof had been heard tending to show that appellant was somewhat intoxicated at the time of the accident, it was sought to rebut this proof by showing his reputation for sobriety. The court declined to go into the matter, and it is claimed this was error. No authorities are cited in support of the contention. Appellant had no right to prove his reputation, especially since he himself when on the stand denied having been drunk and other witnesses called by him also gave their opinions in that regard.

Upon the direct appellant was asked, " What has been the effect of the injury on your health ? " The court ruled rightly in sustaining an objection to the question. It called for the mere conclusion and opinion of the witness upon a matter as to which, not being an expert, he was incompetent to testify.

There was no error in refusing the instruction on the subject of damages. It was fully covered by the one given. And the court did not err in instructing the jury that " this preponderance is not necessarily determined by the number of witnesses testifying on either side " without telling them wherein the preponderance consists. It was appellant's privilege to supply the omission by tendering an instruction of his own.

It seems somewhat singular that complaint should be made of the court's declining to stop the trial and wait for a physician to appear as a witness for appellant who had not been subpœnaed, but had simply promised to attend. The matter was wholly within the discretion of the court. Counsel was asking for a favor, and not insisting upon a right.

It is claimed that the attitude of the trial judge was unnecessarily severe and fault-finding. This however did not prevent the jury from finding appellee liable, and does not appear to have influenced them in the award of damages.

Kozlowski v. City of Chicago.

One of the policemen was, on cross-examination, asked by appellant's counsel, "How did he (appellant) act there on the sidewalk that made you think he was drunk?" Without any objection being made to the question the court of its own motion remarked: "Oh, this officer says he has been on the force thirteen years and he ought to know whether a man is drunk or not." The question was a proper one, and the action of the court, interfering as it did with the province of the jury, was erroneous. The error, however, was harmless. It bears solely upon the question of appellee's liability for the accident to appellant.

The court refused to hear or consider affidavits on the motion for a new trial from which it appeared that one of the jurors was asleep during the taking of the testimony. While the affidavits should have been heard and considered, they are clearly insufficient for the purpose for which they were offered as they do not show how long the juror was asleep except "for a considerable time" nor what testimony was received during the time. *Non constat* but that the nap occupied less than a minute and the testimony may have been unimportant. In order to entitle appellant to a new trial it should have been made to appear affirmatively that the juror's inattention was prejudicial to him. In McClary v. The State, 76 Ind. 260, where the accused was found guilty of assault with intent to commit murder and his punishment fixed by the jury at imprisonment in the penitentiary for two years, the court held that the mere falling asleep for a short time by a juror during the argument of counsel for the accused does not of itself constitute a sufficient cause for a new trial.

Other points are made but they have no bearing upon the amount to be recovered by appellant.

The judgment appealed from is affirmed.

*Affirmed.*

Mr. Justice BAKER having presided at the hearing of this cause in the trial court, did not participate in the foregoing opinion.