TRULOCK et al. v. WILLEY.†

(Circuit Court of Appeals, Eighth Circuit. April 11, 1911.)

No. 3,454.

1. INNKEEPER (§ 10*)—ACTION FOR NEGLIGENCE—QUESTIONS FOR JURY.

In an action by a guest of a hotel against the owners to recover for an injury caused by his falling down an elevator shaft, the door to which was open, where the testimony of the employés in charge of the elevator was to the effect that they left the door closed, whether it was left open through the negligence of defendant's servants or of some third person was a question for the jury.

[Ed. Note.—For other cases, see Innkeepers, Dec. Dig. § 10.*]

2. INNKEEPERS (§ 10*)—LIABILITY FOR INJURY TO GUEST—DUTY OF CARE FOR SAFETY OF GUEST.

There is an implied undertaking on the part of the proprietor of a hotel that a guest shall be treated with due consideration for his safety, and the proprietor is held to the exercise of a very high degree of care for the protection of his guests against the negligent acts of his servants.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 14, 15; Dec. Dig. § 10.*]

3. INNKEEPERS (§ 10*)—ACTION FOR INJURY TO GUEST—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, a guest in defendant's hotel, while carrying a large bundle of laundry and a heavy suit case, was injured by falling down an elevator shaft, the door of which was open and without protection, the question of his contributory negligence was one for the jury under the facts shown by the evidence.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 14, 15; Dec. Dig. § 10.*]

4. TRIAL (§ 295*)—INSTRUCTIONS.

An appellate court cannot take an excerpt here and there from a general charge to the jury and make that a basis of error, but the charge in its entirety must be considered, and, if upon the whole it fairly states the law, the case will not be reversed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. § 295.*]

5. INNKEEPERS (§ 10*)—ACTION FOR INJURY TO GUEST—EVIDENCE OF NEGLIGENCE.

In an action by a guest of a hotel against the proprietors to recover for an injury received by falling down an elevator shaft, the door to which was open, evidence that the fastenings of the door were insecure was admissible as bearing upon the question of defendant's negligence.

[Ed. Note.—For other cases, see Innkeepers, Dec. Dig. § 10.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

Action at law by V. J. Willey against W. N. Trulock and Marianna P. Trulock. Judgment for plaintiff, and defendants bring error. Affirmed.

M. Danaher, John M. Moore, W. B. Smith, and J. Merrick Moore, for plaintiffs in error.

W. C. Ratcliffe, John Fletcher, Cummins Ratcliffe, and Thomas C. Hennings, for defendant in error.

Before HOOK and ADAMS, Circuit Judges, and RINER, District Judge.

RINER, District Judge. This is an action at law to recover damages for personal injuries.

On the night of August 8, 1909, the defendant in error, hereafter called the plaintiff, was a guest at the Jefferson Hotel in the city of Pine Bluff, Ark.; said hotel being owned and maintained as a hotel for the accommodation of the public by the plaintiffs in error, hereafter called the defendants.

The record shows that the plaintiff registered at the hotel between 10 and 11 o'clock on the night of the 8th of August, and was assigned to room 349, located on the west side and on the third floor of the building. The room opened on a hall running north and south. There was a freight elevator located at the north end of the hall, the passenger elevator being located on a hall running north and south on the east side of the building. To reach the passenger elevator the plaintiff, as he passed out of his room into the hall, should have turned to the right, walked to the end of the hall, then turned to his left into a cross hall running east and west, and at the end of that hall again turned to the left and passed down the north and south hall on the east side of the building a short distance to the elevator. Instead of taking the course just described, the plaintiff, upon passing from his room into the hall, by mistake turned to the left and passed down the hall to the north and into the open shaft of the freight elevator.

The plaintiff testified that he had stayed overnight at the hotel on two former occasions, but upon both occasions had been located in a different part of the house and was not familiar with this hallway. He further testified:

"I went immediately to my room and went to bed and put in a call to call me at 7 o'clock next morning, and I was up dressing when the bell rang and answered the bell, told them alright, I would be down immediately. As soon as I could get ready, I came on down the hallway, making it for the passenger elevator with a bundle of laundry in this arm in front of me—$1.75 package of laundry—which obstructed my view partly and a big heavy suit case in the other hand. In walking down the hallway, my impression was that you bore to the left all the time to go to the passenger elevator. I walked straight down this hallway right in the center of the aisle, and walked into this shaft, which I mistook for the turn of the hallway, and I fell from the third floor to the bottom."

On cross-examination he testified:

"I got my bearings turned and got turned around. I thought you would bear to the left to go to the passenger elevator and take the left-hand course,

and I got up the next morning with that on my mind, and I thought the hallway just followed on around to the passenger elevator, and, not thinking there was such a place like that left open, walked into it. * * * When I came out of my room, I figured out the way I would go, I thought I would keep to the left. * * * I simply thought I was turning where the place in the hall would turn."

The record further shows that this freight elevator was provided with doors but at the time of the plaintiff's injury they were open, and the plaintiff testifies that he did not open them. It also appears that the shaft was not otherwise guarded.

The errors relied upon as set out in the brief are four in number and will be noticed in the order in which they are discussed.

1. The refusal of the court to instruct a verdict for the defendant.

This assignment of error presents two questions: First, the negligence of the defendants; and, second, was the plaintiff guilty of contributory negligence.

[1] While it is true that the witnesses for the defendants, employés who had charge of the freight elevator, testified that the last time it was used for the purpose of delivering or receiving baggage they closed the door, and a bell boy who made a call for another guest about 6 o'clock in the morning testified that the door was closed at that time yet the fact remains that the door was open at the time the plaintiff fell into the shaft, and the defendants in their brief concede that the maxim "res ipsa loquitur" applies, and that the burden of proof is upon the defendants to show that the doors of the elevator were not left open through the negligence of their servants. The plaintiff testified that the door was open, and that he did not open it when he stepped into the shaft. The testimony of the defendants' servants who had charge of the elevator was to the effect that at the time they last used the elevator on that floor they closed the door. It therefore became clearly a question for the determination of the jury whether the door was left open by the negligence of the defendants' servants, or whether there was a sufficient and independent cause operating between the wrong and the injury.

[2] Does the record show that the plaintiff was guilty of such contributory negligence that it became the duty of the court, as a matter of law, to instruct a verdict for the defendants? A guest in a hotel is there on the invitation of the proprietor and for the proprietor's profit; and, while he ought not and cannot be said to be an insurer of the safety of the person of his guest while within the hotel, yet the guest is received upon the implied understanding that while on the premises as a guest his life shall not be imperiled by the rash, inconsiderate, and negligent acts of the proprietor or those who are his servants. By the implied contract between a hotel keeper and his guest the former undertakes not only to furnish the latter with suitable food and lodging, but there is also implied upon the part of the proprietor the further undertaking that the guest shall be treated with due consideration for his safety. The relation existing between an innkeeper and his guest is much like that existing between a common carrier and its passenger, and, while not an insurer of the personal safety of the guest, the proprietor of the hotel is held, and ought to be held,

to the exercise of a very high degree of care for the protection of his guests against the negligent acts of servants employed therein.

Neither the case of Clancy v. Barker, 131 Fed. 161, 66 C. C. A. 469, 69 L. R. A. 653, nor the case of Cole v. German Savings & Loan Society, 124 Fed. 113, 59 C. C. A. 593, 63 L. R. A. 416, both cases decided by this court, is in point. In the first case the injury to the guest was inflicted by an employé of the hotel who was not at the time of the injury acting within the course or within the apparent or actual scope of his employment. In the second case there was a sufficient and independent cause operating between the wrong and the injury.

[3] As already suggested, the record shows that the doors were open, and there was no gate, bar, or any other obstruction to attract the plaintiff's attention, and the question whether the plaintiff in leaving his room and mistaking his course, burdened as he was with a bundle of laundry held in one arm, and a heavy suit case in his other hand, and having no reason to apprehend danger, was guilty of contributory negligence, or whether he was using such care as a reasonably prudent person under the circumstances would use, was properly left to the determination of the jury. The rule is:

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury. It is only where the facts are such that all reasonable men must draw the same conclusion from them that the question of negligence is ever considered as one of law for the court." Railway v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Railroad v. Pollard, 22 Wall. 341, 22 L. Ed. 877; Railroad v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213, and cases there cited.

We think the court committed no error in declining to instruct a verdict for the defendant.

The second assignment of error relied upon is as follows:

"The refusal to instruct the jury that if the door of the elevator was closed and left in proper condition by defendants' employés who were authorized to operate it, and was afterwards opened by a stranger or by an employé who had no duty to perform in connection with it, and who was not acting within the scope of his employment in opening the door, defendants were not liable, unless they should further find that defendants, their agents or employés, knew that the door was open, or it had been open such length of time that in the exercise of reasonable diligence they should have known it."

This requested instruction was properly denied, for the reason that there was no evidence in the record to show that the door was opened by a stranger, or by an employé who had no duty to perform in connection with it, and who was not acting within the scope of his employment in opening the door.

The third assignment is to the charge of the court:

"In instructing the jury that plaintiff had a right to presume that defendants had exercised reasonable care, and that the place where he was going was safe."

The part of the charge complained of is not all the court said upon that question. The court instructed the jury:

"That a guest of a hotel need not look for pitfalls or dangerous places. He has a right to presume that the keeper of the hotel has exercised reason-

able care to make the place safe. It is not like when a person goes to some place which is very dangerous, such as crossing a railroad track, then he must stop, look, and listen, to see whether or not a train is coming, and, if he fails to do so, and is injured, he cannot recover, but, when a person goes to a hotel where he is a guest, he is not required to look for pitfalls or dangerous places. He has a right to presume that the place where he is going is safe, but the law does require him to exercise reasonable diligence and reasonable care, such as ordinarily prudent persons under like circumstances would exercise."

The court, in another part of its charge, instructed the jury that:

"A keeper of a hotel is not an insurer of the safety of his guests. The limit of his duty is to exercise reasonable care for the safety and comfort of his guests, and whenever he discharges that duty, if a guest gets injured without negligence on his part, then he cannot recover for the injury."

This was emphasized in other portions of the charge, so that taking the charge as a whole we think it fairly stated the law applicable to the case.

[4] As has been repeatedly held by this court, we cannot take an excerpt here and there from a general charge to the jury and make that a basis of error, but the charge in its entirety must be considered, and, if upon the whole it fairly states the law, the case will not be reversed.

[5] The fourth assignment of error relied upon is as follows:

"In permitting plaintiff to testify that the doors of the elevator were fastened with a common knob, and if you would shake them they would come open, and in calling the attention of the jury in instructions given by the court to the condition of the fastenings and the absence of a bar or gate across the elevator and in submitting those facts to the jury as subjects they might consider in determining whether defendants were guilty of negligence."

We think it was not error to admit this testimony. It had some bearing upon the question whether or not the defendants had used reasonable care for the protection of their guests against injury. The mere fact that the proprietors of the hotel provided doors for this elevator shaft with some sort of fastenings was not the full measure of their duty. They were bound to not only furnish the doors, but such fastenings as might reasonably be expected to keep them in that position when closed.

We have now considered the several assignments of error relied upon by the defendants; and, finding no error which would warrant a reversal of the case, the judgment of the Circuit Court is affirmed.