## KANSAS CITY SOUTHERN RY. CO. v. CLINTON. †

(Circuit Court of Appeals, Eighth Circuit. July 6, 1915.)

No. 4424.

1. CARRIERS ⊚⇒316—PERSONAL INJURY—PRESUMPTION AND BURDEN OF PROOF —NEGLIGENCE.

Prima facie, when a passenger on a railroad train is injured by reason of an unusual occurrence on the train, negligence on the part of the carrier is presumed, and the burden of proof shifts to it to show that it was not guilty of negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. ⊚⇒316.]

2. CARRIERS ⊚⇒320—PERSONAL INJURY—QUESTION FOR JURY—NEGLIGENCE.

In an action for injuries from negligence in causing the train and caboose in which plaintiff was riding to be violently and suddenly jolted, where the evidence as to the jolt was conflicting, it was the duty of the court to submit the defendant's negligence to the jury, especially in view of Kirby's Dig. Ark. § 6773, enacted pursuant to Const. Ark. art. 17, § 12, declaring that all railroads built and operated in the state shall be responsible for all damages to persons caused by the running of trains.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. ⊚⇒320.]

3. EVIDENCE ⊚⇒474½—OPINION EVIDENCE—SEVERITY OF TRAIN JOLT.

In an action for personal injury from negligence in causing the train and caboose in which plaintiff was riding to be violently and suddenly jolted, nonexpert testimony as to the severity of the jolt was admissible; the weight thereof being for the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2220–2233; Dec. Dig. ⊚⇒474½.]

4. EVIDENCE ⊚⇒127—RES GESTÆ—STATEMENT ACCOMPANYING TRANSACTION.

Evidence that at the time of the accident, and when arising from his fall, plaintiff said "I believe the train hurt me," was admissible as a part of the res gestæ.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 377–382; Dec. Dig. ⊚⇒127.]

---

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Rehearing denied September 27, 1915.

5. EVIDENCE ☞555—OPINION EVIDENCE—SUBJECT-MATTER—PAIN.

Testimony of the physician and surgeon who had treated the plaintiff for his injury that plaintiff suffered a great deal of pain, based on statements made to him by the plaintiff, was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2376; Dec. Dig. ☞555.]

6. EVIDENCE ☞192—DEMONSTRATIVE EVIDENCE.

There was no error in permitting the plaintiff, suing for personal injuries, to give a practical illustration of his condition before the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 677; Dec. Dig. ☞192.]

7. TRIAL ☞295—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

Appellant, in his assignments of error, cannot select one sentence of the charge on a subject; but the charge must be taken as a whole, and if it then states the law correctly there is no cause for complaint.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703–717; Dec. Dig. ☞295.]

8. CARRIERS ☞298—PASSENGERS—DEGREE OF CARE.

In an action for personal injury, while riding on defendant's local freight train in a caboose from a violent jolt, an instruction that under the laws of Arkansas the defendant was required to carry passengers for hire upon its local freight trains, but not required to equip its cabooses like passenger cars, that one traveling in the caboose of a local freight train is bound to know that it is subject to more violent jerks in stopping and starting than passenger trains, and that plaintiff assumed the risk of injury from any usual or ordinary jerk, stated the law correctly.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1192, 1205, 1206; Dec. Dig. ☞298.]

9. TRIAL ☞260—INSTRUCTIONS—CREDIBILITY OF WITNESSES.

A charge that, in weighing the evidence, to find whether it was equally balanced, or in whose favor it preponderated, the jury would not necessarily be controlled by the number of witnesses on either side, given in connection with a charge that they were the sole judges of the credibility of the witnesses and the weight to be given to the testimony of each witness, was sufficient.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

10. TRIAL ☞260—INSTRUCTIONS.

When a requested instruction is included in the charge given, it is not error to refuse it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ☞260.]

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by J. N. Clinton against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

For convenience, the parties will be referred to herein as plaintiff and defendant, as they were in the court below. The plaintiff, in his complaint, alleges that while a passenger on one of the defendant's local freight trains, carrying a caboose for the purpose of carrying passengers, and while seated in the caboose, as required by the rules of the defendant and the officer in charge of said train, he was seriously injured by reason of the defendant's negligence in causing the train and caboose in which he was seated to be violently and suddenly jerked. He sets out the injuries sustained by him by reason thereof, his suffering, and loss of earnings. The answer denies all the allegations of

the complaint, and also pleads that the plaintiff, by riding upon a freight train and taking passage thereon, assumed all the dangers and risks due to the operation of such a train, and his injuries, if he received any, are injuries received only because of the ordinary risks and dangers incident to traveling upon a freight train. It also pleads contributory negligence. There was a trial to a jury, and a verdict for the plaintiff.

James B. McDonough, of Ft. Smith, Ark. (S. W. Moore, of Kansas City, Mo., on the brief), for plaintiff in error.

James D. Head, of Texarkana, Ark. (Elmer J. Lundy, of Mena, Ark., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. [1, 2] It is claimed that the court erred in refusing to direct a verdict for the defendant. There is substantial evidence that the plaintiff was a passenger on one of the defendant's local freight trains, which carries passengers in a caboose carried for that purpose; that he was seated in the caboose, as required by the rules of the company; that when the train approached an intermediate station it slowed down to about two or three miles an hour, and when within about two car lengths of the depot a Mr. Ellis, one of the passengers on the train, arose from his seat next to that of the plaintiff, and while in the act of picking up his grips there was a sudden stop and an extraordinary jerk, which threw Mr. Ellis against him with such violence that he sustained the serious injuries complained of. Two physicians, one who had treated him, and another who had made an examination of his person, testified to his injuries, which were principally internal. Another party, Mr. Woodell, also testified to the violence of the jolt and the falling of Mr. Ellis on the plaintiff. Other witnesses for the plaintiff testified that before the accident he was a strong, healthy man, and worked in a sawmill, but that since the accident he had lost about 40 pounds in weight and is unable to do such work as he was engaged in before the injury, or any hard work. On the part of the defendant evidence was introduced tending to show that the jolt was not unusual, but only such as is usual when a freight train comes to a stop. There was no evidence whatever that the plaintiff was guilty of contributory negligence.

Prima facie, when a passenger on a railroad train is injured by reason of an unusual occurrence on the train on which he was riding, negligence on the part of the carrier is presumed, and the burden of proof shifts to the company to show that it was not guilty of negligence. Railroad Company v. Pollard, 22 Wall. 341, 22 L. Ed. 877; Gleason v. Virginia Midland R. R. Co., 140 U. S. 435, 443, 11 Sup. Ct. 859, 35 L. Ed. 458; Kirkendall v. Union Pacific R. R. Co., 200 Fed. 197, 118 C. C. A. 383, and authorities there cited. The evidence being conflicting, it was the duty of the court to submit that issue to the jury under proper instructions, especially in view of the statute of Arkansas enacted in pursuance of constitutional requirement. Section 12, art. 17, Constitution of Arkansas. The statute (section 6773, Kirby's Digest of the Laws of Arkansas) reads:

"All railroads which are now or may be hereafter built and operated in whole or in part in this state shall be responsible for all damages to persons or property done or caused by the running of trains in this state."

This statute has been construed by the Supreme Court of Arkansas in numerous cases to the effect that:

"Where an injury is caused to a passenger by the operation of a train, a prima facie case of negligence is made against the company operating such train." Barringer v. Railway Co., 73 Ark. 548, 85 S. W. 94, 87 S. W. 814; Kansas City Southern Railway Co. v. Davis, 83 Ark. 217, 103 S. W. 603; Railway Company v. Briggs, 87 Ark. 581, 113 S. W. 644.

There was no error committed in refusing to direct a verdict for the defendant.

[3] It is next claimed that the court erred in permitting the plaintiff and another passenger in that caboose to testify as to the violence of the jolt, for the reason that they were not experts on that question. The plaintiff testified that he had been riding in cabooses on local freight trains frequently for a period of six or seven years, and that was "the severest jolt he ever got on a train of any kind." Mr. Woodell, another passenger, testified that he had been a traveling salesman for a number of years, and while such he had been riding on local trains probably once a week, and that this jolt "was more severe than I have seen since." He also testified that the jolt was of such force that it threw him down. This evidence was clearly admissible. It is true they were not experts, but they had frequently ridden on such trains, and their testimony on this point was properly admitted, leaving it to the jury to determine what weight it should be accorded. It is hardly reasonable to expect that passengers will carry experts with them in order that they may testify in case of an accident. That such evidence is admissible see Connecticut Mutual Life Ins. Co. v. Lathrop, 111 U. S. 612, 624, 4 Sup. Ct. 533, 28 L. Ed. 536; Queenan v. Oklahoma, 190 U. S. 548, 23 Sup. Ct. 762, 47 L. Ed. 1175; Turner v. American Security & Trust Co., 213 U. S. 257, 260, 29 Sup. Ct. 420, 53 L. Ed. 788; Union Pacific R. R. Co. v. Lucas, 136 Fed. 374, 69 C. C. A. 218; Robinson v. Louisville, etc., Ry. Co., 112 Fed. 484, 50 C. C. A. 357; Rothe v. Pennsylvania Company, 195 Fed. 21, 114 C. C. A. 627; Moore v. Saginaw, etc., R. R. Co., 115 Mich. 103, 72 N. W. 1112; Southern Railway Co. v. Vandegriff, 108 Tenn. 14, 64 S. W. 481; St. Louis, I. M. & S. Ry. Co. v. Osborne, 95 Ark. 310, 129 S. W. 537.

[4] It is also claimed that the court erred in permitting the witness Woodell to testify that at the time of the accident he heard the plaintiff, when arising from the fall, say, "I believe the train hurt me." This was admissible as part of the res gestæ. Delaware, L. & W. R. R. Co. v. Ashley, 67 Fed. 209, 14 C. C. A. 368; Guild v. Pringle, 130 Fed. 419, 64 C. C. A. 621.

[5] It is next claimed that the court erred in permitting Dr. Hilton, the physician and surgeon who had treated the plaintiff for this injury, to testify that the plaintiff suffered a great deal from pain, upon the ground that this opinion was based upon statements made to him by the patient. Union Pacific Ry. Co. v. McMican, 194 Fed. 393, 114

C. C. A. 311, decided by this court, is relied on to sustain this assignment of error. But in that case what the court did decide was that a physician who did not treat the patient, but was only called to examine him for the purpose of testifying as an expert, can only testify to objective symptoms; but as to a physician called professionally to treat a person the court in that case said:

"The rule is well settled that, where a physician is called to professionally treat a party, he may give his opinion, based upon subjective as well as objective symptoms."

. A physician must frequently rely on the statements of his patient in order to diagnose his case properly, and especially when the injuries are, as in this case, internal, and his opinion, based on such statements, made to him for the purpose of enabling him to treat the patient, is clearly admissible.

Nor did the court err in permitting Dr. Hilton to answer the hypothetical question propounded to him. The objection is:

"The question failed to embrace all the essential undisputed facts which appeared in the issue."

In our opinion it did.

[6] It is also claimed that the court erred in permitting the plaintiff to give a practical illustration of his condition before the jury. There was no error in this. Birmingham R., Light & Power Co. v. Rutledge, 142 Ala. 195, 39 South. 338; Adams v. City of Thief River Falls, 84 Minn. 30, 86 N. W. 767; Carr v. American Locomotive Co., 26 R. I. 180, 58 Atl. 678; Schroeder v. Railroad Company, 47 Iowa, 375; Osborne v. City of Detroit (C. C.) 32 Fed. 36. This last case was reversed by the Supreme Court (135 U. S. 492, 10 Sup. Ct. 1012, 34 L. Ed. 260), but not on this point.

[7, 8] An error in the charge of the court complained of is that the charge imposed on the carrier a higher degree of care than the law demands of local freight trains carrying passengers in a caboose. Defendant, in its assignment of errors, selects only one sentence of the charge on that subject. This is not permissible. The charge must be taken as a whole, and if it then stated the law correctly there is no cause for complaint. Choctaw, O. & G. R. R. Co. v. Tennessee, 191 U. S. 326, 24 Sup. Ct. 99, 48 L. Ed. 201; Guild v. Andrews, 137 Fed. 369, 70 C. C. A. 49; Chicago, Great Western Ry. Co. v. McDonough, 161 Fed. 657, 88 C. C. A. 517; Truelock v. Willey, 187 Fed. 956, 112 C. C. A. 1. The charge of the court on that issue was:

"Under the laws of the state of Arkansas, the defendant is required to carry passengers for hire upon its local freight trains. But the defendant is not required to equip its cabooses of cars on local freight trains as passenger cars are equipped on passenger trains. The person who travels upon local freight trains is bound to know that such trains cannot be moved, stopped, and started with the same slow and easy movement with which passenger trains are moved, stopped, and started; and a traveler upon such local freight trains is further charged with the knowledge that local freight trains are subject to more violent jerks in stopping and starting than passenger trains; therefore the plaintiff, in entering upon this local freight train, assumed the risk of any injury that might occur to him by reason of any usual or ordinary jerk which might occur in the stopping of said local freight train. If the plaintiff's injury, if he has suffered any injury, is due to a sudden stopping of the caboose

caused by the usual and customary handling of the local freight train, then the plaintiff cannot recover. The defendant has the right, as a matter of law, to operate its local freight trains in the usual and ordinary manner. If it operated the train on which plaintiff was riding in the usual and ordinary manner, and if the sudden stopping was an incident of usual and ordinary handling of such trains, the plaintiff cannot recover."

Taking this part of the charge in connection with the part complained of, it states the law correctly. Indianapolis & St. Louis R. R. Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898; Delaware, L. & W. R. R. Co. v. Ashley, 67 Fed. 209, 14 C. C. A. 368. And this is the rule under the Arkansas statute hereinbefore set out. Pasley v. St. Louis, I. M. & S. Ry. Co., 83 Ark. 22, 102 S. W. 387, 13 Ann. Cas. 121; St. Louis, I. M. & S. Ry. Co. v. Brabbzson, 87 Ark. 109, 112 S. W. 222; Miles v. St. Louis, I. M. & S. Ry. Co., 90 Ark. 485, 119 S. W. 837; St. Louis Southwestern Ry. Co. v. Jackson, 93 Ark. 119, 124 S. W. 241.

[9, 10] It is next claimed that the court erred in charging the jury that:

"In weighing the evidence to find whether it is equally balanced, or in whose favor it preponderates, the jury will not necessarily be controlled by the number of witnesses on either side."

This part of the charge was in connection with the charge that the jury were the sole judges of the credibility of the witnesses and the weight to be given to the testimony of each witness. It was further charged:

"It is your duty to reconcile the testimony, if you can; that is, to reach a conclusion which will permit the testimony of all the witnesses to stand, if that can be done. Every witness is presumed to speak the truth until the contrary appears. The contrary may appear in a number of ways; one or more witnesses may testify to a state of facts, and another one or more may testify to a state of facts directly opposite. It is then for you to say which you will believe. One witness may state facts which modify or explain facts testified to by another. This may arise because one has better means of knowing that about which he testifies than the other. The manner or deportment of one witness while testifying may lead you to believe that his story is true, while the manner and deportment of another witness may convince you that his story is not trustworthy. The interest of one witness in the result of a trial may be so apparent as to lead you to discredit his statement, or the improbability of the story of one witness may lead you to disregard it in favor of the more probable story of another. All these things must be taken into consideration. You are to bring to the consideration of the testimony your impartial and unbiased judgment, and judge the evidence of each witness by the reasonableness or unreasonableness of his story, the means he has of knowing that about which he testified, his interest, if any, his bias, or prejudice, if he manifests any, and give all the testimony of each witness the weight it should have in reaching a conclusion as to what is the truth of the case."

The defendant asked the court to charge the jury that:

"In weighing the evidence to find whether it is equally balanced, or in whose favor it preponderates, the jury will not necessarily be controlled by the number of witnesses on either side. But if, on the question of whether there was unusual violence, or whether there was injury resulting from that violence, there be an equal number of witnesses on either side, and if said witnesses be equally credible, or if there be, on either of said issues, a larger number of witnesses on one side, and if said witnesses be equally credible, then the jury should be controlled by the number of witnesses, and in that event should

find the issue in favor of that party in whose favor the number of witnesses preponderates."

This instruction was refused, and a proper exception saved. Taking the charge of the court as a whole, it covers practically all that the defendant asked, although in different language. The charge was certainly as favorable to the defendant as it was entitled to. Renard v. Grande, 29 Ind. App. 579, 64 N. E. 644; Kozlowski v. City of Chicago, 113 Ill. App. 513. In St. Louis, I. M. & S. Ry. Co. v. Evans, 99 Ark. 69, 137 S. W. 568, a similar instruction, given in connection with other instructions, not quite as strongly drawn in favor of the defendant as in the case 'at bar, was by the court approved. The law is well settled that, when a requested instruction is included in the charge of the court, it is not error to refuse it. Texas & Pacific R. R. Co. v. Watson, 190 U. S. 287, 23 Sup. Ct. 681, 47 L. Ed. 1057; A. T. & S. F. Ry. Co. v. Phillips, 176 Fed. 663, 100 C. C. A. 215; Chicago Great Western Ry. Co. v. McCormick, 200 Fed. 375, 118 C. C. A. 527, 47 L. R. A. (N. S.) 18.

We have now considered all the assignments of error presented to the court by the plaintiff in error, and, finding no error, the judgment is affirmed.