AMERICAN GLYCERIN CO. v. HILL.

(Circuit Court of Appeals, Eighth Circuit. January 27, 1919.)

No. 5183.

1. EXPLOSIVES ⊜⊐7—CONTRIBUTORY NEGLIGENCE—JURY QUESTION.

In an action for injuries received by plaintiff who was struck by the top of an acid tank or drum which detonated as a result of a fire and explosions in the factory of defendant manufacturing nitroglycerin, whether plaintiff was guilty of contributory negligence in returning to a place in proximity to the tank after the principal explosions *held*, under the evidence, for the jury.

2. NEGLIGENCE ⊜⊐136(26)—JURY QUESTION—DIRECTION OF VERDICT.

It is only when the evidence is of such a character that all reasonable men would say on the facts shown that plaintiff was guilty of negligence that a court is justified in directing a verdict against him.

3. TRIAL ⊜⊐260(1)—INSTRUCTIONS—REFUSAL.

Refusal of requested instructions covered by the charge given is not error.

4. EXPLOSIVES ⊜⊐7—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

The burden of proving contributory negligence of plaintiff seeking to recover for injuries as result of an explosion is on defendant.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Joseph W. Woodrough, Judge.

Action by Oscar Shriver against the American Glycerin Company. There was a judgment for plaintiff, and defendant brings error; George S. Hill, administrator of the estate of plaintiff, who died after granting of the writ, being substituted as defendant in error. Affirmed.

J. P. O'Meara, Charles E. Bush, and A. F. Moss, all of Tulsa, Okl., for plaintiff in error.

H. H. Montgomery, of Bartlesville, Okl., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER, District Judge.

TRIEBER, District Judge. Oscar Shriver, who, since the granting of the writ of error, has died, the administrator of his estate having been substituted as defendant in error, recovered a judgment in the court below against the plaintiff in error for personal injuries, alleged to have been sustained by him by reason of the negligence of plaintiff in error. The parties will be referred to as they appeared in the trial court.

The complaint alleged that the defendant was engaged on February 24, 1917, and for some time prior thereto, in manufacturing, keeping and storing nitroglycerin and other high and powerful explosives in a factory located about one-half mile west of what is known as the Torpedo Switch; that the plaintiff was employed and engaged on said February 24, 1917, in working for the Paragon Drilling Company and A. C. Siekman in the drilling of an oil or gas well near the said plant of the defendant, as a tool dresser; that the defendant was guilty of carelessness and neglect in the operation and maintenance of said plant. The negligence charged was that it negligently and carelessly removed fire, hot ashes, and coals from its boilers, and placed the same

near inflammable material of the boiler house, by reason whereof the boiler house became ignited, which caused the nitroglycerin and other explosives stored there to explode; that an acid tank, composed of zinc or iron material was thereby exploded, and pieces thereof hurled against the body of the plaintiff, severely injuring him.

The answer, in addition to a general denial, pleaded contributory negligence, by alleging that the plaintiff was at a safe distance from said plant at the time of the ignition and the explosions, but voluntarily, as a matter of curiosity, approached very close to the acid shed of the defendant, and but for that he would not have been injured. There was a reply denying the charge of contributory negligence.

The assignment of errors complains of the refusal of the court to direct a verdict for the defendant, the refusal to give certain instructions asked in behalf of the defendant, and also that the court erred in its charge as to the burden of proof to sustain the plea of contributory negligence.

Did the court err in refusing to direct a verdict for the defendant? It is not seriously contended by counsel for plaintiff in error that the evidence did not warrant a finding that the fire which caused the explosion was the result of the defendant's negligence, as there was substantial evidence of causal negligence in that the defendant permitted the throwing of hot ashes against the wooden side of the boiler house, and that this caused the fire, and the explosions from which the plaintiff received the injuries complained of.

[1, 2] But it is earnestly contended that the plaintiff was guilty of contributory negligence, because, it is claimed, the evidence conclusively established the fact that the plaintiff was in a place of safety and voluntarily went near the fire, with full knowledge that dangerous explosives were in close proximity, and were likely to explode by reason of the fire. The proof does not establish "conclusively," as claimed, that fact. There was substantial evidence that when the plaintiff discovered the fire, he watched it for about ten minutes, and then went away from the buildings that were burning, a distance of one-half to three-fourths of a mile; that as he was walking away he heard three explosions, the last of which was a big one; that when he heard the last one he thought everything had exploded that was explodable, and then with Mr. Cusick and Mr. Johnson he walked back to the vicinity of the burning buildings on his way to the drilling machine where he worked; that as he approached the latter a drum of acid gave way and threw the drumhead against his leg and injured it. Cusick and Johnson went back with him, and were walking along near him when this drumhead struck him. These three men thought it was ordinarily safe for them to go back by the side of these burning buildings. They supposed all explosions were over. Mr. Brenner, another employé, stayed back three-fourths of a mile away because he was afraid there was some danger. Nobody seems to have known that there was danger of the explosion of the drums containing the acid after the big explosion.

It is only when the evidence is of such a nature that all reasonable men, upon the facts shown, would say that the plaintiff was guilty of negligence that a court is justified to direct a verdict against him.

[3] The testimony made it the duty of the court to submit the question of the plaintiff's negligence to the jury. The instructions asked by the defendant and refused were fully covered by the charge of the court. A court is not required to charge the jury in the language asked by counsel, if the requested instructions are included in the court's general charge. Texas & Pacific R. R. Co. v. Watson, 190 U. S. 287, 23 Sup. Ct. 681, 47 L. Ed. 1057; Kansas City Southern Ry. Co. v. Clinton, 224 Fed. 896, 902, 140 C. C. A. 340.

The court on the issue of contributory negligence charged the jury:

"That if the plaintiff went over towards his working place, the place where he usually worked, and used such ordinary care as an ordinarily prudent man would exercise, and had such regard for his own safety as an ordinarily prudent man would have, with the knowledge of all of the facts and circumstances that the evidence shows you he did have knowledge of, then he cannot be said to have himself either caused or contributed to his injury. But, on the other hand, if the defendant shows you by a preponderance of the evidence that there was a condition existing there which caused the plaintiff to know and appreciate as a man of ordinary prudence that there was a danger in going there, a danger to his person; that there was a liability of some such thing happening as did actually happen, and that the plaintiff went there in a spirit—or that the plaintiff went there in a spirit of imprudence, lack of ordinary care, willing to take a risk, knowing that there was a risk and still willing to hazzard it, then the plaintiff cannot recover, if a preponderance of the evidence shows you that the plaintiff went there knowing and realizing that there was a danger, but willing to take that risk and danger, then he cannot recover for the happening of something which he was fairly apprised of and appreciated, if that was his situation."

[4] Nor was it error to charge the jury that the burden of proof to establish contributory negligence was on the defendant, and it must establish it by a preponderance of the evidence. That is elementary. Inland & Seaboard Co. v. Tolson, 139 U. S. 551, 557, 11 Sup. Ct. 653, 35 L. Ed. 270; Texas & Pacific R. R. Co. v. Volk, 151 U. S. 73, 76, 14 Sup. Ct. 239, 38 L. Ed. 78; City of Winona v. Botzet, 169 Fed. 321, 329. 94 C. C. A. 563, 23 L. R. A. (N. S.) 204.

The court committed no error in the trial of the cause, and its judgment is affirmed.