## William Large, Appellee, v. Wabash Railroad Company, Appellant.

### Gen. No. 5591.

1. JUDICIAL SALES—*what interest acquired by purchaser.* The purchaser at a sheriff's sale takes such interest and such interest only as the defendant in the execution actually had.

2. .RAILROADS—*when not liable for destruction of building by fire.* If a building is situated upon the right of way of a railroad company by permission only and if such building is subject to removal therefrom at the will of such company its destruction by fire through the negligence of such company will not render the railroad liable.

Action in case. Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded with directions. Opinion filed March 13, 1912.

R. S. McILDUFF and B. R. THOMPSON, for appellant.

ROBERT HENNING and STEVENS R. BAKER, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

On July 8, 1910, plaintiff's elevator at Wing, Illinois, was destroyed by fire, and this suit is to recover the value of said building from the defendant. There are three amended counts charging negligence, with plea of the general issue. A trial was had which resulted in a verdict and judgment against defendant for $450 and costs, and it brings the case here, and assigns several errors, only one of which we deem it necessary to discuss in this opinion, as each of the others may not occur on another trial. The elevator was built by one Gray in 1892 upon the right of way of defendant. Later Gray sold the building to one Kellogg, who on July 16, 1906, executed a written lease of the ground

occupied by said building for the term of five years, which contained the following:

"Third: To assume all risks or loss, injury or damage of any kind or nature whatsoever to any building or other structure or appurtenance thereto, belonging to said second party, his heirs, incoming partners, sublessees or others, which may be now or hereafter placed upon said leased premises, or on land adjoining or adjacent thereto, and which are at the time connected with or used in connection with any building or structure upon said leased premises, and all risks of loss, injury or damages of any kind or nature whatsoever, to the contents of any such buildings or structures, or to any goods, merchandise, chattels or other property now or that may hereafter be upon said premises, or land adjacent thereto, as aforesaid, whether belonging to said second party or to others, and whether such loss, injury or damage results from fire or other agency, and whether the same be caused by the negligence of the party of the first part, or any of its employees, agents or servants or otherwise; and to save and keep harmless the party of the first part from all claims and suits growing out of any such loss, injury or damage."

Later Gray instituted suit against Kellogg, and obtained judgment, and said building was sold at sheriff's sale on March 21, 1910, to plaintiff.

On the trial defendant offered the written lease in evidence and an objection to its admission was sustained by the trial court. This we think was error. The defendant was under no obligation to permit the building upon its right of way, and could not be compelled to allow it to be built or remain there against its will, and if it did permit it to be there, it had the right to do so under such terms and conditions as it should see fit to impose. Griswold v. Illinois Central, 90 Iowa 265; Hartford Fire Ins. Co. v. C. M. & St. P. R. R. Co., 175 U. S. 91.

Plaintiff insists that as he did not buy the leasehold of Kellogg, but only the building, at the sheriff's

sale, he was in no way in privity with said lease. The plaintiff bought the interest of Kellogg in the building at the sheriff's sale, and he knew that it was on defendant's right of way, and that it must be there by virtue of some arrangement express or implied, between Kellogg and defendant; and he was bound to know, at his peril, by what right the building was there.

Plaintiff relies upon the case of Texas and Pacific R. Co. v. Watson, 190 U. S. 287, and similar cases, where a shipper places property in a warehouse on the right of way of a railroad company. These cases involve a very different principle; and we do not consider them authority in this case.

For the above error, the case will be reversed and remanded with direction to proceed in conformity with this opinion.

*Reversed and remanded with direction.*