Willis Samuel and O. N. East, trading as Samuel & East, Defendants in Error, v. Wabash Railroad Company, Plaintiff in Error.

1. RAILROADS, § 907a*—*when railroad leasing property may limit liability for fire.* When a railroad permits the erection of an elevator or other buildings on its right of way, it has a right to impose such conditions as it sees fit in the terms of the lease, and has a legal right to provide in such lease that it shall be exempt from liability from fires communicated by its locomotives, or otherwise.

2. RAILROADS, § 907a*—*when limitation in lease does not relieve from liability for fire.* A lease of ground for elevator purposes

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from a railroad company—stipulating that the lessee agrees to assume all risks or loss, injury or damage of any kind or nature whatsoever to any building or other structure, or appurtenance belonging to such lessee, or which may be thereafter placed on such premises, or on land adjacent or adjoining thereto and which are used in connection with the building, and all risks of loss, injury or damage of any kind or nature whatsoever to the contents of the buildings or structures, or to any goods, merchandise, chattels, or other property then or thereafter on such premises or on land adjacent thereto, whether belonging to lessee or others, and whether such loss, injury or damage results from fire or other agency and whether the same be caused by the negligence of the railroad company or its employees or otherwise—should not be construed so as to cover a carload of oats which had been loaded and had passed into the custody and control of the railroad company, although the loss was due to a fire communicated from the elevator which was itself destroyed by a fire due to some unknown cause.

3. FIRES, § 1*—*when lessee not liable for loss of lessor's property from, under terms of lease.* A lessee of ground for elevator purposes is not liable for the loss of railroad property caused by communication from a fire on elevator property belonging to lessee, due to an unknown cause, under a lease stipulating that the lessee agrees to assume all risk of loss by fire to the elevator property or other property, or to the contents of such buildings, or to chattels on or thereafter on such premises or adjacent premises, and whether such loss results from fire or other agency, and whether caused by negligence of the railroad company or its employees, or otherwise, and to indemnify the railroad company from all claims and suits growing out of such loss.

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.   Heard in this court at the October term, 1914.   Affirmed.   Opinion filed April 16, 1915.

LILLARD & WILLIAMS, for plaintiff in error.

LIVINGSTON & BACH, for defendants in error.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

The writ of error in this case is prosecuted to review a judgment rendered against plaintiff in error in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

court below for the sum of $619.81.   No question is raised on the pleadings of the facts.   As to the pleadings, the parties stipulated that the plaintiffs might recover under the declaration any legal claim they might have against the defendant and that the defendant under the plea of general issue might prove any defense it might have to the cause of action, including recoupment and set-off.   As to the evidence, all the facts were stipulated.

The cause was heard before the court without a jury.   The facts are substantially as follows:   Defendant in error Samuel erected and operated an elevator upon the right of way of appellant at Milmine, in the county of Piatt in this State under a written lease containing the following provision:

"Party of second part (defendants in error) agree to assume all risks or loss, injury or damage of any kind or nature whatsoever to any building or other structure or appurtenance thereto, belonging to said second party, his heirs, incoming partners, sublessees or others, which may be now or hereafter placed upon said leased premises, or on land adjoining or adjacent thereto, and which are at the time connected with or used in connection with any building or structure upon said leased premises, and all risks of loss, injury or damage of any kind or nature whatsoever, to the contents of any such building or structures, or to any goods, merchandise, chattels or any other property now or that may hereafter be upon said leased premises, or land adjacent thereto, as aforesaid, whether belonging to said second party or to others, and whether such loss, injury or damage results from fire or other agency, and whether the same be caused by the negligence of the party of the first part, or any of its employees, agents or servants, or otherwise; and to save and keep harmless the party of the first part from all claims and suits growing out of any such loss, injury or damage."

The elevator was erected close to one of plaintiff's

in error side tracks in such manner that cars thereon could be loaded or unloaded from or into said elevator directly therefrom, and said track was used by defendants in error for such purposes in connection with the operation of the elevator. A car had been loaded with oats by defendants in error on the afternoon of August 5, 1910, and a bill of lading had been issued therefor on that same day. About two o'clock on the following morning the elevator, from some cause unknown, was destroyed by fire, which fire was communicated to the car of oats and the oats were damaged so that defendants in error suffered a loss of $619.81. Plaintiff in error suffered from the loss to the car, and other damages by reason of the fire, the total sum of $683.64.

The contentions of plaintiff in error are, first, that the terms of the lease absolved it from any liability for the loss of the oats in controversy, and also that defendant in error became liable to plaintiff in error for the damages it sustained to its property by reason of said fire.

When a railroad company permits the erection of an elevator or other buildings upon its right of way, it has a right to impose such conditions as it sees fit in the terms of the lease, and has a legal right to provide in such lease that it shall be exempt from liability from fires communicated by its locomotives or otherwise. *Checkley v. Illinois Cent. R. Co.,* 257 Ill. 491; *Large v. Wabash R. Co.,* 168 Ill. App. 310. The provision of the lease above mentioned is a valid agreement between the parties, and the difficulty arises in its application to the facts in this case. The exemption provided thereby is very broad and the question is, whether its terms include the property of defendants in error after it has been delivered to the custody and possession of plaintiff in error for the purpose of transportation. Counsel for plaintiff in error urge that the provision applies to the facts in this case for

the reason that if the elevator had not been placed on the right of way the damage to the property of defendants in error would not have taken place. This, together with the fact that the damage was actually caused through the instrumentality of the elevator which was owned and controlled by defendants in error themselves, and through no fault of plaintiff in error so far as the record shows, appeals with much force to at least the sense of right in the matter. The trial court held that as the carload of oats had passed from the possession and control of defendants in error to that of plaintiff in error, it was taken out of the terms of the lease and the same cannot be applied thereto, and we are inclined to the opinion that this is technically true although the question is not free from doubt.

As to the second contention of plaintiff in error, that the court should have given judgment in its favor on its claim of set-off, we think it clear that the terms of the lease do not bear the construction that defendants in error are liable to plaintiff in error for injury to its own property which might be damaged by fire. We find nothing in the language used in this provision of the lease which warrants the construction that defendants in error assume any liability for any loss to any property of plaintiff in error by reason of the erection and maintenance of the elevator or its destruction by fire.

The judgment will be affirmed.

*Affirmed.*