# Hopkins, Appellant, v. West Jersey & Seashore Railroad Company.

*Negligence — Carriers — Ferryboat — Contributory negligence — Nonsuit—Passengers.*

1. Where a passenger in going upon a ferryboat in the daytime enters immediately upon the gangway intended for wagons, and instead of then going into one of the apartments on either side intended for passengers, pursues his way over the gangway and in his hurry falls into an open coal hole, which he could have seen if he had looked,

he is guilty of contributory negligence, and cannot recover damages from the ferry company.

2. Unless a passenger shows some valid reason to excuse, he is bound to put himself in the appointed place for passengers, and if he does not he takes the risk of his location elsewhere.

Argued March 26, 1909. Appeal, No. 35, Jan. T., 1909, by plaintiff, from order of C. P. No. 5, Phila. Co., Dec. T., 1906, No. 4,824, refusing to take off nonsuit in case of George S. Hopkins v. West Jersey & Seashore Railroad Company and Pennsylvania Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*Francis M. McAdams*, with him *William H. Wilson* and *Joseph P. Rogers*, for appellant.—A ferry company is a common carrier and owes the same duties to its passengers as any other public service corporation: Bauer v. Ferry Company, 33 Pa. Superior Ct. 607; Howett v. R. R. Co., 166 Pa. 607; Girton v. R. R. Co., 17 Pa. Superior Ct. 143.

Where the public is invited to use a passageway, it is the duty of those having control of such passageway to see that it is kept in a reasonably safe condition and the passenger so using has a right to assume that it is safe: Gilmore v. Railroad Co., 154 Pa. 375; Sutliff v. R. R. Co., 206 Pa. 267; Johnson v. Bruner, 61 Pa. 58; McHugh v. Kerr, 208 Pa. 225; White v. Navigation Co., 17 Amer. Neg. Rep. 724; Barker v. R. R. Co., 12 Amer. Neg. Rep. 580; Glase v. Philadelphia, 169 Pa. 488; Strader v. Monroe, 202 Pa. 626; Rathgebe v. R. R. Co., 179 Pa. 31; Miller v. Electric Light, etc., Co., 212 Pa. 593.

*John Hampton Barnes*, for appellee.—There was no evidence of negligence on the part of the defendant, but even if there

were, the plaintiff's contributory negligence is so clear that the court could not have submitted the case to the jury: Graham v. Penna. Co., 139 Pa. 149; Matthews v. R. R. Co., 148 Pa. 491; Seddon v. Bickley, 153 Pa. 271; Flanagan v. P., W. & B. R. R. Co., 181 Pa. 237; Plant Inv. Co. v. Cook, 85 Fed. Repr. 611; Hoboken Ferry Co. v. Feiszt, 58 N. J. L. 198 (35 Atl. Repr. 299).

OPINION BY MR. JUSTICE STEWART, June 22, 1909:

The accident out of which this case arises occurred in that part of a ferryboat specially designed and appointed for the accommodation of horses and wagons in transport. It is located between the passenger apartments at either side of the boat, and is here called the horse or wagon gangway. The plaintiff entered the boat directly upon this gangway. Instead of going into one of the passenger apartments which were open to him as soon as he had boarded the boat, he attempted to reach the front of the boat by passing between the teams which were standing in the gangway. When he had reached about the middle of the boat he encountered a coal cart which had been discharging coal into a hole immediately in rear of the engine house. He passed to the right of the cart, and because of other obstructions in his way he concluded to return to the point where he boarded the boat and there enter the left-hand passenger apartment. He pursued his way to the rear of the cart with a view of passing across to the left side of the boat through the narrow place between the cart and the engine room. While attempting this the driver of the cart started toward the shore, leaving the coal hole exposed, and into this the plaintiff fell and was injured. The court below directed a nonsuit on the ground of plaintiff's contributory negligence. In this we see no error. However the defendant company may have tolerated the use of this gangway by passengers impatient to reach the front of the boat, it is so manifest to ordinary observation that such gangway is intended for a use which makes it dangerous for passengers, that, except as safe and suitable accommodations for passengers are shown to have been lacking, the passenger who voluntarily takes his

place in it must be held to have assumed the risk of injury. We have said with respect to street cars, that the proper and assigned place for passengers is inside the car; that unless he shows some valid reason to excuse, a passenger is bound to put himself in the appointed place, and if he does not, he takes the risk of his location elsewhere: Thane v. Traction Company, 191 Pa. 249. There is no reason why this rule should be limited in its application to railroads or street railways; it applies generally. The plaintiff attempted no excuse for pushing his way between the teams occupying the gangway to reach the front part of the boat, except that others were doing the same thing. He admits that when he boarded the boat he could at once have entered either passenger way to the right or left. Through either he could have reached the front, not as soon perhaps as by adopting the gangway, but by a way which would have insured to him protection of the highest care possible. By adopting the other, under no necessity for so doing, he took the chances. The case has another aspect quite as unfavorable to plaintiff's claim. The evidence affords no explanation of how he fell into the hole consistent with ordinary care on his part. The occurrence was in daytime; the plaintiff says nothing obscured or concealed the hole from his view but the cart, and that but for the cart he would have seen it. He was passing directly, he says, across the boat at the tail end of the cart, and immediately upon the moving of the cart he fell into the hole. The cart at the time was not over the hole, but at the side, and if the plaintiff did not see it, it must have been because in his haste he did not look. The occurrence admits of no other explanation. The case calls for no inquiry as to defendant's negligence in leaving the hole unguarded. The court rested the nonsuit on plaintiff's contributory negligence, and for this there was sufficient warrant.

Judgment affirmed.