BOHEM v. ATLANTIC CITY R. CO.

(Circuit Court, E. D. Pennsylvania. November 27, 1909.)

No. 278.

1. JUDGMENT (§ 198*)—EFFECT OF QUESTION RESERVED—VERDICT.

Where, in accordance with the Pennsylvania practice, the question is reserved whether there is any evidence to go to the jury in support of plaintiff's claim, and verdict is returned for the defendant, he is entitled to the benefit of such verdict if he would have been entitled to judgment on the reserved question notwithstanding a verdict for plaintiff.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 198.*]

2. FERRIES (§ 32*)—INJURY TO PASSENGER—ASSUMED RISK.

Under the law of Pennsylvania a passenger on a ferryboat, having passenger apartments and also a central gangway designed for horses and wagons, who voluntarily, and without necessity takes his place in such gangway, assumes the risk of injury due to such location.

[Ed. Note.—For other cases, see Ferries, Dec. Dig. §·32.*]

---

*For other cases see same topic & § NUMBER in·Dec, & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Mary L. Bohem against the Atlantic City Railroad Company. Motions by plaintiff for new trial, and that additional exceptions be allowed. Motions denied.

Daniel C. Donoghue, for plaintiff.
Wm. Clarke Mason, for defendant.

J. B. McPHERSON, District Judge. At the trial of this case the question was reserved, in accordance with the Pennsylvania practice, whether there was any evidence to go to the jury in support of the plaintiff's claim. If, therefore, the verdict had been in her favor, the defendant would nevertheless have been entitled to judgment, if a review of the testimony (all of which was offered by the plaintiff) had satisfied the court that she had wholly failed to prove the defendant's negligence, or that her contributory negligence was clearly apparent. That the verdict was in favor of the defendant does not essentially change the situation. Obviously, if for either of the two reasons suggested the defendant would have been entitled to judgment notwithstanding the verdict, in case the jury had found for the plaintiff, it may properly claim the benefit of the verdict in its favor and should have judgment thereon. In other words, if it was entitled to binding instructions, it would now be entitled to judgment, and it makes no difference for whom the jury has found.

Laying aside the question whether there was any evidence of the defendant's negligence, and expressing no opinion upon that subject, I feel obliged to hold that the contributory negligence of the plaintiff is a necessary conclusion from a recent decision of the Supreme Court of Pennsylvania. The case to which I refer is Hopkins v. Railroad Co., 225 Pa. 193, 73 Atl. 1104. The facts appear in the following quotation from the opinion of the court:

"The accident out of which this case arises occurred in that part of a ferryboat specially designed and appointed for the accommodation of horses and wagons in transport. It is located between the passenger apartments at either side of the boat, and is here called the 'horse and wagon gangway.' The plaintiff entered the boat directly upon this gangway. Instead of going into one of the passenger apartments, which were open to him as soon as he had boarded the boat, he attempted to reach the front of the boat by passing between the teams which were standing in the gangway. When he had reached about the middle of the boat, he encountered a coal cart which had been discharging coal into a hole immediately in rear of the engine house. He passed to the right of the cart, and because of other obstructions in his way he concluded to return to the point where he boarded the boat and there enter the left-hand passenger apartment. He pursued his way to the rear of the cart, with a view to passing across to the left side of the boat through the narrow place between the cart and the engine room. While attempting this the driver of the cart started toward the shore, leaving the coal hole exposed, and into this the plaintiff fell and was injured."

Upon these facts the court below directed a nonsuit upon the ground of the plaintiff's contributory negligence, and this direction was sustained; the Supreme Court saying:

"However the defendant company may have tolerated the use of this gangway by passengers impatient to reach the front of the boat, it is so manifest

to ordinary observation that such gangway is intended for a use which makes it dangerous for passengers that, except as safe and suitable accommodations for passengers are shown to have been lacking, the passenger who voluntarily takes his place in it must be held to have assumed the risk of injury. We have said, with respect to street cars, that the proper and assigned place for passengers is inside the car; that, unless he shows some valid reason to excuse, a passenger is bound to put himself in the appointed place, and, if he does not, he takes the risk of his location elsewhere. Thane v. Traction Co., 191 Pa. 249, 43 Atl. 136, 71 Am. St. Rep. 767. There is no reason why this rule should be limited in its application to railroads or street railways. It applies generally. The plaintiff attempted no excuse for pushing his way between the teams occupying the gangway to reach the front part of the boat, except that others were doing the same thing. He admits that when he boarded the boat he could at once have entered either passenger way to the right or left. Through either he could have reached the front, not as soon, perhaps, as by adopting the gangway, but by a way which would have insured to him protection of the highest care possible. By adopting the other, under no necessity for so doing, he took the chances."

The only difference between that case and this is found in the fact that an attempt was made by the present plaintiff to show that safe and suitable accommodations were lacking upon the ferryboat whereon she was a passenger; but, as no testimony whatever was offered to prove that there was no available room in the passenger cabins, and as it appears affirmatively that no effort was made to enter these apartments, it seems to me that the decision in the Hopkins Case applies, and that the plaintiff must be held to have taken "the risk of her location elsewhere."

The motion for a new trial is refused. The plaintiff's motion that certain exceptions to the charge be now allowed, although the rule of court which requires them to be asked for at the trial was not obeyed, is also refused.