## MENDELSON v. DAVIS, Director General of Railroads.

(Circuit Court of Appeals, Eighth Circuit.   April 28, 1922.   Concurring Opinion,
May 26, 1922.)

### No. 5886.

1. **Appeal and error ⊜⟶977(1)—Entry of judgment on verdict and denying new trial not reviewable on writ of error.**

Assignments of error that the court erred in rendering judgment on the verdict and in denying plaintiff's motion for a new trial are not subject to review on writ of error in the Circuit Court of Appeals.

2. **Trial ⊜⟶295(1)—Whole charge on issue must be considered, to determine correctness.**

In order to determine the correctness of a charge the entire charge bearing on the issue in question must be considered.

3. **Carriers ⊜⟶295(1), 316(1)—Negligence gist of action for injuries in falling through open trapdoor in train vestibule, and no recovery if carrier proves freedom from negligence; burden on carrier to prove freedom from negligence as to passenger falling through trapdoor in vestibule.**

Negligence of the carrier is the gist of an action for injuries from passenger falling through an open trapdoor in a vestibule in a train, and there can be no recovery if the carrier proves to the satisfaction of the jury that it was free from negligence; the burden of proof being on the carrier.

4. **Carriers ⊜⟶284(2)—Not liable for injuries occasioned by act of stranger in opening trapdoor in vestibule.**

When the employees of a carrier exercised the highest degree of care by closing and securely fastening trapdoor in vestibule of train, and a stranger opened it so short a time before plaintiff fell through it that employees could not have discovered it by the exercise of reasonable care, the carrier cannot be said to have been negligent, and no recovery may be had.

5. **Carriers ⊜⟶321(11)—Refusal of instruction as to passenger's assumption of risk of sudden and violent jerks held not error.**

In an action for injuries to passenger, who fell through trapdoor in vestibule of train, court properly refused plaintiff's request to instruct that a passenger who undertakes to go from one car to another while the train is in motion does not assume risk of sudden and violent jerks, that are not incident to the ordinary operation; the sudden jerk not being the proximate cause of the injury, though it contributed to it.

6. **Negligence ⊜⟶62(1)—Proximate cause of injury must be natural consequence.**

In order to find that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence, and if a new force intervenes between the negligent act and the injury, sufficient of itself to cause the injury, the negligent act is too remote to warrant a recovery.

7. **Carriers ⊜⟶332—Passenger, attempting to pass open trapdoor in vestibule, assumes risk.**

A passenger who went through vestibule in train and saw trapdoor open, assumed the risk of attempting to return through the vestibule while such trapdoor was open, and court properly refused plaintiff's request to instruct that "a passenger does not assume acts of negligence on the part of carrier's servants."

In Error to the District Court of the United States for the District of Nebraska;  Martin J. Wade, Judge.

Action by Hyman Lou Mendelson against James C. Davis, Director General of Railroads, etc.   Judgment for defendant, and plaintiff brings error.   Affirmed.

Halleck F. Rose, of Omaha, Neb. (Isidor Ziegler, John F. Stout, Arthur R. Wells, and Paul L. Martin, all of Omaha, Neb., on the brief), for plaintiff in error.

Norris Brown, of Omaha, Neb. (Irving F. Baxter and Dana B. Van Dusen, of Omaha, Neb., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. This is an action by the plaintiff in error to recover damages for injuries alleged to have been sustained by him while a passenger on a railway train operated by the defendant as Director General of Railroads. The parties will be referred to as they appeared in the court below.

The material allegations of the complaint are that the train on which the plaintiff was a passenger, going from one point in the state of Iowa to another in that state, was a vestibuled train, so as to form a continuous inclosed passageway throughout its full length, and when the doors are closed, the vestibule is completely inclosed, so that it is impossible for a passenger passing from one car to another to fall from the train; that, desiring to smoke, he passed out of the chair car, where he had occupied a chair, through the vestibule, to the smoking car, and, finding it crowded, undertook to return to the chair car; that the defendant had negligently caused the trapdoor of one of the outside openings on the vestibule to be and remain open while the train was in rapid motion, and permitted the track over which the train was at the time being operated to become defective, so that trains passing over it could not be operated with safety, all of which defects were open and obvious, and permitted to so remain out of repair. By reason thereof the train, while plaintiff was passing through the vestibule, gave a sudden and violent lurch, whereby he became unbalanced, lost his footing, and was thrown violently through said open vestibule door, suffering serious injuries of a permanent nature. The damages claimed are $100,000.

The answer, in addition to a general denial, pleaded that plaintiff was an intrastate passenger in the state of Iowa, in which state the alleged accident occurred, and that under the laws of that state he, as a passenger, assumed the risk of any injury caused by conditions known to him; that the vestibule door, alleged to have been open at the time, if open, was in full view of the plaintiff, and therefore he assumed the risk and danger of passing said vestibule door, because its condition, when opened or closed, was open and obvious to him. In another paragraph contributory negligence was pleaded, in which case he could not, it is alleged, under the laws of the state of Iowa recover for alleged injuries. In his reply plaintiff denied these allegations. There was a trial to a jury, and a verdict for the defendant.

[1] There are three assignments of error, in addition to one that the court erred in rendering judgment on the verdict, and another that the court erred in denying plaintiff's motion for a new trial, neither of which last two is subject to review in this court, as has been so frequently decided by this court, as well as every other national court, in-

cluding the Supreme Court of the United States, that it is useless to cite authorities. The other assignments of error are that the court erred in charging the jury—

I. "Well, if you find in this case, now, that this company did not leave that door open, that the defendant, through its agents or brakeman or conductor, or anybody else, did not leave the vestibule door open, that it is not responsible for having that door open at that time, you will have to find for the defendant in this action, gentlemen, have to find for the defendant in this action. In other words, under the peculiar circumstances in this case, the length of time that elapsed between Rinard, the last station before Lohrville, and the place where this man fell off, in view of the things that were done, and the time that elapsed, if somebody else opened that door, there is no evidence here to justify the finding that there was negligence on the part of the employees of the railway. So, if that was opened by somebody else, whether the plaintiff or some, stranger, there can be no recovery in this action."

And in refusing to charge as follows:

II. "(6) A passenger who undertakes to go from one vestibuled car to another while the train is in motion assumes only such risks as are incident to passing from one vestibuled car to another in the ordinary operation of the trains, and does not assume risks of sudden or violent jerks, that are not incident to the ordinary operation, and does not assume acts of negligence on the part of the carrier's servants."

III. "(8) In employing vestibuled passenger coaches as an equipment of a passenger train, the carrier assumes the duty of maintaining them in a reasonably safe condition. One purpose of the vestibule is to add to the comfort, safety, and convenience of passengers, particularly while passing from one coach or car to another, and the presence of such appliances is an assurance to the passenger that the carrier has provided a safe means of passage from one car to another, and is an invitation for him to use it as his convenience or necessity may require. Whether defendant failed on the occasion in question to keep the outside door of the vestibule closed, and whether failure to do so was negligence, and the proximate cause of plaintiff's injuries, are questions for your determination from the evidence; and the issue of negligence in this behalf is to be determined by a consideration of whether a person of ordinary prudence engaged in the business of transporting passengers by a vestibuled train on a steam railway, in the exercise of the highest degree of care and diligence that can reasonably be exercised, consistent with the practical operation of the road, would have done so in the circumstances existing."

There was substantial evidence that when the train left Rinard, the last station before Lohrville, between which stations the alleged accident occurred, the vestibule door had been closed and securely fastened; that it had not been opened by any employee of the defendant after the train left Rinard; that when the train whistled for Lohrville, about one mile from that station, the brakeman, whose duty it was to open and close that vestibule door, went out to open it and found it open. The plaintiff had gone into the smoking car from the chair car, passing through this vestibule, but, finding no seat, he intended to walk back to the chair car, and while passing the vestibule on his return to the chair car the accident occurred. When he went into the smoking car, he did not notice the vestibule door open. The distance from Rinard to the place where the alleged accident occurred is but a few miles. The evidence that the track, where the alleged accident occurred, was in a good condition, was practically undisputed. If the trap and door had been opened by some person not an employee of the defendant,

there was no evidence how long the opening had existed before plaintiff fell off. There was, therefore, no evidence that the highest degree of care required of defendant would have discovered the fact of the opening.

The question under the first assignment is whether a carrier is liable for injuries sustained by a passenger falling off a vestibuled train, when the door had been closed and securely fastened by the employees of the carrier, and opened by some one other than an employee of the carrier, so short a time before the accident occurred that the employees of the carrier could not, by the exercise of reasonable diligence, have discovered it?

[2] The excerpt set out in the assignment is but a small part of the charge of the court. It does not even set out the full sentence of that part of the charge, a part separated only by a comma from the last words quoted. The words omitted are:

"While, if the door was left open, and if you should find that that was a negligent condition under the testimony and the instructions I have given you, and that this man fell out of there because of that negligent condition, of course, there is liability."

In order to determine the correctness of the charge, the entire charge bearing on that issue must be considered. Choctaw, etc., R. R. v. Tennessee, 191 U. S. 326, 24 Sup. Ct. 99, 48 L. Ed. 201; Kansas City Southern Ry. Co. v. Clinton, 224 Fed. 896, 140 C. C. A. 340; Memphis Street Ry. Co. v. Pierce, 257 Fed. 659, 168 C. C. A. 609. In addition to the part excepted to, the court told the jury:

"The falling from this place not being usual or ordinary in the travel of passengers, but being extraordinary, the burden is upon the defendant to prove that this fall occurred without the fault or negligence of the defendant. And of course, as I said before, the burden is upon the defendant to show that with reference to the thing involved they exercised a high degree of care, which is, as I said before, the highest degree of care consistent with the practical operation of the road."

[3, 4] As negligence of the carrier is the gist of the action, there can be no recovery, if the defendant proves to the satisfaction of the jury that it was free from negligence; the burden of proof being on the carrier, as charged by the court. When the employees of the carrier have exercised the highest degree of care, which, in the instant case, was to close and securely fasten the vestibule door, and a stranger opened it so short a time before the accident occurred that the employees could not have discovered it by the exercise of reasonable care, the carrier cannot be said to have been negligent, no more than if a stranger misplaces a switch or loosens a rail shortly before the arrival of the train, which causes it to leave the track.

[5] The second assignment is the refusal of the court to give the sixth request of the plaintiff. This instruction was properly refused, as the sudden jerk was not the proximate cause of the alleged accident. It was the open door which is claimed in the complaint to have caused it, although it is charged that the sudden jerk contributed to it.

[6] In order to find that negligence is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence. If a new force intervened between the neg-

.ligent act and the injury, sufficient of itself to cause the injury, the negligent act is too remote to warrant a recovery. Scheffer v. Washington City, etc., R. R. Co., 105 U. S. 249, 26 L. Ed. 1070; Empire State Cattle Co. v. Atchison, etc., Ry. Co., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Teis v. Smuggler Mining Co., 158 Fed. 260, 85 C. C. A. 478, 15 L. R. A. (N. S.) 893; Ketterer v. Armour & Co., 247 Fed. 921, 160 C. C. A. 111, L. R. A. 1918B, 798.

[7] It was the open vestibule door which was the cause of the plaintiff falling off the train; for, had it been closed, the sudden and violent lurch could not have thrown him off the train. The request was also properly refused, as the final clause, that "a passenger does not assume acts of negligence on the part of carrier's servants," was not warranted on the facts in this case; for, if the trapdoor was open, when plaintiff first passed through the vestibule and saw it, or if it was obvious, and he assumed to cross, he assumed the risk. Elder Dempster Shipping Co. v. Pouppirt, 125 Fed. 732, 60 C. C. A. 500; The Iowa, 213 Fed. 405, 130 C. C. A. 41; Hopkins v. Railroad Co., 225 Pa. 193, 73 Atl. 1104, 17 Ann. Cas. 370; United Ry., etc., Co. v. Riley, 109 Md. 327, 339, 71 Atl. 970; Parks v. St. Louis, etc., R. R. A. Co., 178 Mo. 108, 120, 77 S. W. 70, 101 Am. St. Rep. 425; Tinkle v. St. Louis, etc., R. R. Co., 212 Mo. 445, 468, 110 S. W. 1086; Osterholm v. Boston, etc., Copper Co., 40 Mont. 524, 107 Pac. 499. The request was also too broad, as it would hold the carrier liable, though the door was closed, if the jerk was sudden and violent. It was properly refused.

The last assignment is fully covered by the charge, although not in the language requested. Courts are not required to charge in the language counsel desire, if the charge covers the request fully.

We fail to find any error, and the judgment is affirmed.

MUNGER, District Judge (concurring). Without expressing an opinion as to whether the open door or the jerk of the train was the proximate cause of the accident, I think the sixth instruction was properly refused, because, in its first clause, it asked the court to charge that such a passenger as Mendelson did not assume the acts of negligence of the carrier. This was not a correct statement of the applicable law; for, if Mendelson knew the trap or door to be open, or if it was so obvious as to be plainly observable by him, and he stood or walked near to it while the train was moving, it would have been erroneous to have said as a matter of law that he did not take the peril of his act, even if the act of leaving the trap or door open was the carrier's negligence.

The eighth instruction was properly refused, because it erroneously said that the carrier assumed the duty, as to the vestibuled coaches, "of maintaining them in a reasonably safe condition"; whereas, the duty of the company was only to use the proper degree of care to maintain them in safety. The instruction as asked told the jury the carrier was bound to keep this vestibule in reasonably safe condition—that is, to keep the door closed; whereas, the carrier was only bound to use the proper degree of care to ascertain if it was open, and thereupon to close it.